(5 Misc. Rep. 178.)

## In re PATTERSON'S ESTATE.

(Surrogate's Court, New York County. September, 1893.)

WILLS—INTEREST ON LEGACY.

Where probate of a will and letters testamentary thereon are revoked after some of the legacies have been paid, and a subsequent will, giving the same legacies, but naming different executors, is admitted to probate, and letters testamentary are issued to the executors named therein, the unpaid legacies bear interest after one year from the issue of letters to the executors named in the second will.

Claim for interest on a legacy under the will of John Patterson, deceased.

Robert Godson, for petitioner.
Henry Hoyt and Gumbleton & Hottenroth, for executors.

RANSOM, S. Decedent left two wills, one dated April 18, 1888, and the other dated April 19, 1888. The first will named different executors from those named in the second will. It was admitted to probate, and all the legacies but petitioner's were paid out under it, (being identical with those contained in the second will.) Subsequently the probate of the first will was revoked, and the will of April 19, 1888, admitted to probate. Letters were issued under the first will on July 26, 1888, which were afterwards revoked. Letters under the second will were issued on May 26, 1892. Petitioner claims interest from July 26, 1889, one year after issuance of letters under the first will, on the ground that the other legacies were all paid at that time, and have, therefore, had the benefit of subsequent interest or use, the petitioner's legacy not being paid then because he was an infant. Respondent claims that the interest should only be allowed from one year from the issuance of letters under the second will, which is the one now in force, under which the executors are acting, and under which the petitioner claims his legacy. The rule laid down in Re McGowan, 124 N. Y. 526, 26 N. E. Rep. 1098, that interest on a legacy runs from one year after the issuance of letters, would seem in this case to apply to the issuance of the letters to the present executors. If the other legacies were paid prematurely, that is a matter between them and the residuary legatees, and does not warrant a departure from the rule in this instance.