In the Matter of the Judicial Accounting of HANNAH , McGOWAN, as Executrix, etc., of JOHN F. WALLACE, Deceased, WILLIAM CARROLL, Appellant.

The provisions of the Revised Statutes (2 R. S. 90, § 43) directing that "no legacies shall be paid until after the expiration of one year from the time of granting letters testamentary or of administration unless the same are directed by the will to be sooner paid," changed the time when legacies commence to draw interest from one year after the death of the testator to one year after the granting of letters.

The words "letters testamentary" or "of administration" include temporary letters, and so, where such letters have been granted, pending proceedings for the probate of a will, interest upon a legacy begins to run one year after the date of the issue of such letters.

Curr v. Bennett (3 Dem. 459); Dustan v. Carter (Id. 149); Clark v. Butler (4 id. 378); In re Gibson (24 Abb. [N. C.] 45), overruled.

(Argued March 2, 1891; decided April 7, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 6, 1890, which reversed a decree of the Surrogate's

Court upon a settlement of the accounts of the executrix of the will of John F. Wallace, deceased, so far as it related to the allowance of interest upon a legacy given to William Carroll.

John F. Wallace died July 23, 1885, leaving a last will and testament. Objections to the probate of the will were filed, and thereafter, on March 3, 1886, letters of temporary administration were granted upon the estate of said deceased. The will was admitted to probate on the 29th day of June, 1887, and on that day letters testamentary were issued. By the will a legacy of $20,000 was given to Carroll. The executrix offered to pay the amount of the legacy with interest from one year after the date of issue of letters testamentary. The legatee insisted that he was entitled to interest after the expiration of one year from the date of death of testator. He finally received from the executrix the amount of the legacy less the collateral inheritance tax, with interest from one year after the date of granting letters testamentary under a stipulation which provided that : " The above check is received by me without prejudice to my claim that I am entitled to interest from one year from the death of the testator, or for any further or other period, and that I am not liable to pay the collateral inheritance tax. If the court decides in my favor on such or either of said claims, I am to receive such claims."

*Malcolm Campbell* for appellant. The learned surrogate was right in holding that the time from which interest should run is one year after the death of the testator. ( *Williamson* v. *Williamson*, 6 Paige, 300, 301 ; *Sitwell* v. *Bernard*, 6 Ves. 520 ; *Gibson* v. *Bott*, 7 id. 96 ; *Wheeler* v. *Ruthven*, 74 N. Y. 428 ; *Lawrence* v. *Embree*, 3 Bradf. 364 ; *Carr* v. *Bennett*, 3 Dem. 459 ; *Dustan* v. *Carter*, Id. 149 ; *Clark* v. *Butler*, 4 id. 378 ; *In re Gibson*, 24 Abb. [N. C.] 45 ; *Campbell* v. *Cowdrey*, 31 How. Pr. 172.) A fair construction of the statute is that it did not work a repeal of the existing law as to interest on legacies. (*Mushlitt* v. *Silverman*, 50 N. Y. 360 ; *Cooke* v. *Meeker*, 36 id. 15 ; *Campbell* v. *Cowdrey*, 31 How. Pr. 180 ;

*Lawrence* v. *Embree*, 3 Bradf. 365 ; *Carr* v. *Bennett*, 3 Dem.
455 ; *Dustan* v. *Carter*, Id. 150.) A contrary construction
would in effect defeat the intent of the testator, which the
courts are bound, as far as possible, to respect and enforce.
(*Lawrence* v. *Embree*, 3 Bradf. 364 ; *Carr* v. *Bennett*, 3 Dem.
455.) If the statute is to be construed as contended for by
one opponent, then it is unconstitutional. (*Embury* v. *Connor*,
3 N. Y. 311 ; *Powers* v. *Bergen*, 6 id. 358 ; *In re John and
Cherry Streets*, 19 Wend. 659 ; *Wynehamer* v. *People*, 13
N. Y. 378.) The reason for the rule allowing one year from
the issuing of letters for the payment of legacies applies with
equal force to the case of temporary letters as to that of final
letters testamentary. (Code Civ. Pro. §§ 2672, 2677, 2717,
2719.)

*Charles H. Woodbury* for respondent. General legacies
bear interest from one year after the grant of letters testa-
mentary, and not from one year after the testator's death.
(2 Williams on Ex. [6th ed.] 1530, 1531 ; 2 Roper on Lega-
cies, chap. 20 ; *Wheeler* v. *Ruthven*, 74 N. Y. 428, 429, 431 ;
2 R. S. chap. 6, art. 2, § 43 ; Code Civ. Pro. § 1819 ; *Thorn* v.
*Garner*, 113 N. Y. 198, 202 ; 42 Hun, 507, 111 ; *Van Rens-
selaer* v. *Van Rensselaer*, 113 N. Y. 207, 215 ; *Kerr* v.
*Dougherty*, 79 id. 327 ; 17 Hun, 341 ; *Brown* v. *Knapp*, 79
N. Y. 136, 141 ; *Cooke* v. *Meeker*, 36 id. 15, 23 ; *Bradner* v.
*Faulkner*, 12 id. 472 ; *Burtis* v. *Dodge*, 1 Barb. Ch. 77 ; *In
re Fisk*, 19 Abb. Pr. 209.) Before the adoption of the
Revised Statutes, general legacies were due and payable at the
expiration of one year from testator's death, and the rule then
was that interest began to run from that time upon the prin-
ciple that the legacy was then due and payable. (2 Redf. on
Wills [3d ed.], 466, 467 ; Swinburne, § 19 ; *Wheeler* v. *Hath-
away*, 54 Mich. 547 ; *Beckford* v. *Tobin*, 1 Ves. Sr. 310 ;
*Sitwell* v. *Barney*, 6 Ves. 520, 539 ; *Wood* v. *Penoyre*,
13 id. 333 ; *Pearson* v. *Pearson*, 1 S. & L. 10 ; *Lawrence* v.
*Embree*, 3 Bradf. 364 ; *Campbell* v. *Cowdrey*, 31 How. Pr.
172 ; *Dustan* v. *Carter*, 3 Dem. 150 ; *Carr* v. *Bennett*, 3 id.

450, *Williamson* v. *Williamson*, 6 Paige, 298.) The change wrought in the Revised Statutes in the whole system of administration of decedents' estates is such that it would be highly unjust and inequitable to continue the old rule as to interest. (Swinburne on Wills, § 10; 1 Williams on Ex. [6th ed.] chap. 1, § 2; 2 R. S. 71, § 16.) Letters of temporary administration are not included in the term "letters testamentary." (Code Civ. Pro. §§ 2668, 2672, 2673, 2674.) If the appellant's views of the law as to the time when interest began to run, is correct, then the offer to pay the legacy with interest from the expiration of one year after the grant of letters, less the collateral inheritance tax, was an offer to pay all that the legatee was entitled to receive, and his refusal to receive that sum barred his claim for interest on that sum after the offer was refused. (*Burtis* v. *Dodge*, 1 Barb. Ch. 77.)

PARKER, J. Two questions are presented by this appeal:

1. Whether interest on a general pecuniary legacy begins to run one year after the testator's death or one year after the grant of letters testamentary or of administration?

2. If one year after grant of letters, does the time begin to run from the date of granting letters of temporary administration pending probate proceedings?

The statute provides that "no legacies shall be paid by any executor or administrator until after the expiration of one year from the time of granting letters testamentary or of administration, unless the same are by the will to be sooner paid." (2 R. S. marg. p. 90, ch. 6, title 3, art. 2, § 43.) Prior to such enactment interest on legacies of the character therein referred to, was payable one year after the death of the testator, the exception to the rule being founded generally on facts which the courts have deemed equivalent to a direction in the will to pay interest from the date of testator's death.

Whether the effect of the statute was to change the time when legacies commence to draw interest from one year after the death of a testator to one year after the granting of.letters has not been presented to this court in such manner as to

require its determination, so far as we have observed, in but one case. In *Kerr* v. *Dougherty* (17 Hun, 341) the General Term held that such was the effect of the statute and accordingly modified the judgment, which embraced interest computed from one year after the death of testator. In the opinion of this court that proposition was not discussed, but the judgment as modified was affirmed so that the question was necessarily considered and passed upon. (79 N. Y. 327.) While it is probably true as appellant insists that in no other case has this court been required to pass on the question, still the effect of the statute in that respect has been commented on so frequently as to leave no room to doubt the view of the court, though *Kerr* v. *Dougherty* were not controlling. (*Bradner* v. *Faulkner*, 12 N. Y. 472; *Cooke* v. *Meeker*, 36 id. 15–23; *Thorn* v. *Garner*, 113 id. 198–202; *Van Rensselaer* v. *Van Rensselaer*, Id. 207–215.) In Surrogate's Court a number of decisions may be found adhering to the former rule, notwithstanding the cases above cited. (*Carr* v. *Bennett*, 3 Dem. 459; *Dustan* v. *Carter*, Id. 149; *Clark* v. *Butler*, 4 id. 378; *Matter of Gibson*, 24 Abb. [N. C.] 45.) The refusal of the Surrogate's Court to accept the views of this court as expressed in the cases cited is founded on the claim that they are obiter. We shall, therefore, briefly allude to the reason which has led to the determination that the effect of the statute was to do away with the rule allowing interest on general legacies at the expiration of one year from the death of a testator. As that rule was not created by legislative enactment we must ascertain the principle which led to its adoption. Originally, it was assumed that the assent of the executor to the legacy was essential before the title of the legatee became complete, for without such assent the legatee had no authority to take possession of his legacy. The ecclesiastical court at an early period determined that a year from a testator's death the executor should render an account of the performance of the whole will (Swinburne on Wills, part 6, § 19), and consequently that was the time when the executor should assent or be presumed to assent to the pay-

ment of legacies. The legacies then being due and payable at the end of a year, if payment was longer withheld the legatee was held to be entitled to interest thereafter, and for the same reason that interest is payable on all other demands after the principal becomes due. So a legacy made payable at a given time by the terms of a will, on the same principle is held to bear interest from the date when payment is directed to be made.

While it is true that many authorities may be found both in England and this country which declare that interest is payable on general legacies one year after the death of a testator, the basis of the decisions rests in the fact that at such time the principal becomes payable to the legatee.

So when the legislature declared by statute that no legacy shall be paid until after the expiration of one year from the time of granting letters unless the will direct otherwise, the principle upon which the former rule was founded required the courts of this state to hold that interest was not payable until one year after the issue of letters, for not until then was the legatee entitled to the principal. The general rule then from early times has been and still is that interest begins to run from the time when a legacy is payable. They were at one time payable a year after the death of a testator. But in this state the legislature has postponed the time of payment until one year after the grant of letters. And the application of the principle which the courts have long enforced to this changed situation produces necessarily a different result. One which the law-making power, however, must be deemed to have contemplated.

The second question, whether the words "granting letters testamentary or of administration" as used in the statute includes letters of temporary administration, we think, should be answered in the affirmative. 1. Because the legislature having used the words "letters of. administration" instead of "letters of administration. with the will annexed" must be deemed to have employed them in their broader meaning so as to include letters of temporary administration as well.

2. The inducing cause for the enactment does not militate against such construction.

Prior to the passage of chap. 456 of the Laws of 1890 the persons to whom letters were granted were required to wait six months before advertising for claims, and after that time they were directed to advertise for the presentation of demands by creditors for a period of six months. Necessarily, therefore, a year would elapse before it could be definitely ascertained whether after the payment of debts and funeral expenses there would remain of the testator's estate an amount sufficient to pay legacies. Hence the statute forbidding their payment until such time.

When, as in this case, delay in the probate of a will is occasioned by a contest, letters of temporary administration may issue. (Code Civ. Pro. § 2668.) The temporary administrator has authority to take into his possession personal property; to secure and preserve it; collect choses in action; and maintain actions therefor. (Code, § 2672.) He may publish the usual notice to creditors requiring them to exhibit their demands to him, and such publication has the same effect as to him and also as to the executor or administrator subsequently appointed "as if the temporary administrator was the executor or an administrator in chief, and the person to whom the subsequent letters are issued was his successor." (§ 2673.)

After a year has elapsed the surrogate may, on the application of a temporary administrator, or on petition of a creditor in a proper case, make an order permiting the payment of the whole or any part of a debt. (§ 2674.) When the appointment of a temporary administrator is occasioned by the absence from the state of an executor named in the will, the surrogate may direct him to make payment of a legacy or other pecuniary provision under a will as though he were executor or administrator. (§ 2672.)

The statutory provisions referred to make it apparent that the temporary administrator is invested with the authority and the duty to take all the steps which an executor can take for the purpose of ascertaining the condition of the estate at the

expiration of a year from a grant of letters. There was no occasion, therefore, for the legislature to provide that the time occupied by the temporary administrator should not be included in the year which must elapse between the issue of letters and the time when legacies are payable, and we do not think that the language employed should receive such a construction.

Letters of temporary administration were granted March 3, 1886, and, therefore, the legatee became entitled to interest from March 3, 1887. Interest was only allowed him from June 29, 1888.

The judgement of the Supreme Court and decree of the surrogate should be reversed and the proceedings remitted for rehearing by the surrogate, with costs payable out of the estate.

All concur.

Judgment reversed.