[Sac. 32.   Department Two.—May 4, 1896.]

Estate of LEWELLYN WILLIAMS, Deceased. MRS. J. DOWNEY HARVEY, Appellant, *v.* C. W. CLARKE et al., Respondents.

Estates of Deceased Persons—Legacies—Interest.—Under the Civil Code all specific legacies are due and payable one year after the testator's decease, and bear interest from and after that period, unless the testator has expressed an intention to the contrary by the terms of the will, and a provision that the executors shall not be required to pay certain legacies until such time as it may be practicable to do so, having regard to beneficial management of the estate, will not prevent the allowance of interest upon such legacies after the lapse of one year, where the assets of the estate are sufficient to warrant the payment at the end of the year.

Id.—Legacy Payable Out of Residue.—Although a strictly residuary legacy cannot bear interest for want of a fund out of which interest can be paid, yet a provision that certain specified legacies shall be paid out of the residue after certain other legacies are paid does not make such legacies residuary, and they come within the rule as to the allowance of interest after the expiration of one year.

Id.—Retention of Money Due for Legacies.—The fact that the executor may retain money in certain cases, without paying debts or legacies, and that they may not have been ordered paid by the probate court, will not prevent them from drawing interest after they are due at the end of the year.

Appeal from a judgment of the Superior Court of Sacramento County.   Matt. F. Johnson, Judge.

The facts are stated in the opinion of the court.

*Garrett W. McEnerney*, and *Stanly, Hayes, McEnerney & Bradley*, for Appellant.

The fact that the executors delayed payment by reason of the pendency of the contest against the will is no answer to the appellant's right to interest upon the legacy. (*Powell* v. *Drake*, 19 D. C. 334; *Kent* v. *Dunham*, 106 Mass. 586; *Welch* v. *Adams*, 152 Mass. 86; *Ogden* v. *Pattee*, 149 Mass. 82; 14 Am. St. Rep. 401; *In re McGowan*, 124 N. Y. 526; *Davison* v. *Rake*, 44 N. J. Eq. 506; 45 N. J. Eq. 767; *In re Spencer*, 16 R. I. 25; *Martin* v. *Martin*, 6 Watts, 67; *Guthrie* v. *Wheeler*, 51 Conn. 208.) The legacy to appellant was payable one year after

the death of the testator. (Civ. Code, secs. 1368, 1369; *In re Spencer*, 16 R. I. 25; *Davison* v. *Rake, supra; Wheeler* v. *Ruthven*, 74 N. Y. 431; 30 Am. Rep. 315; *Esmond* v. *Brown*, 18 R. I. 48.) It was a general legacy. (Civ. Code, sec. 1357.) It was not made payable when the residue of the estate was judicially ascertained. The fact that the fund could not be realized or ascertained until long after the expiration of the year cuts no figure. (*Jones' Appeal*, 3 Grant Cas. 174; *Martin* v. *Martin, supra; Marsh* v. *Hague*, 1 Edw. Ch. 187, 188; *Ingraham* v. *Postell*, 1 McCord Eq. 94; *Sullivan* v. *Winthrop*, 1 Sum. 11; *Bourke* v. *Ricketts*, 10 Ves. Jr. 330; 2 Williams on Executors, Am. ed. 1895, p. 743; *Hertford* v. *Lowther*, 9 Beav. 266; *Hoffman* v. *Pennsylvania Hospital*, 1 Demarest, 118; *In re Spencer, supra; Davison* v. *Rake, supra; Esmond* v. *Brown, supra*.) It was not made payable when it was practicable to pay the same, having regard to the beneficial management of the estate. (*Ingraham* v. *Postell, supra; Bourke* v. *Ricketts, supra; Vernet* v. *Williams*, 3 Demarest, 350; *Matter of Savage*, 1 How. Pr., N. S., 379; *Rogers* v. *Rogers*, 2 Redf. 27.) It appears that it was practicable, having regard to the beneficial management of the estate, to pay appellant's legacy on the 6th of May, 1892. (*Davison* v. *Rake, supra; Van Rensselaer* v. *Van Rensselaer*, 113 N. Y. 207.)

*McKune & George*, and *A. C. Freeman*, for Respondents.

By the express will of the testator, the legacy to appellant was payable only out of the residue on the settlement of the estate. The residue is that portion of the estate which is left after the payment of charges, debts, and particular legacies. (*Choat* v. *Yeats*, 1 Jacob & W. 105; *Willard's Appeal*, 68 Pa. St. 332; Civ. Code, sec. 1357; *Graves* v. *Howard*, 3 Jones Eq. 302.) The legacy to appellant did not become due or payable until the residue of the estate had been judicially ascertained. (*Jasper* v. *Jasper*, 17 Or. 590; 21 Am. & Eng. Ency. of Law, 125; *Willard's Appeal, supra; Valentine* v. *Ruste*, 93 Ill. 585;

*Leahy* v. *Cardwell*, 14 Or. 173.)   As long as the admin-
istration of the estáte is in such a position that the ex-
ecutors cannot be called on and compelled to pay a
legacy, it is not due and payable under sections 1368 to
1370 of the Civil Code.   (*Estate of James*, 65 Cal. 25;
*Thomas* v. *Attorney General*, 2 Younge & C. 525; *Weath-
erly* v. *Kier*, 38 N. J. Eq. 87; *Lewis* v. *Carson*, 93 Mo.
587; Civ. Code, secs. 1317, 1319–21.)   The court in pro-
bate must first direct the payment of legacies before
they become payable.   (Code Civ. Proc., sec. 1651; *State*
v. *Adams*, 71 Mo. 620.)

TEMPLE, J.—The question involved in this appeal is
whether appellant, Mrs. Harvey, is entitled to interest
upon a legacy of $10,000 given her by the will of the
deceased.

Williams died May 6, 1891.   By his will as first exe-
cuted he gave in trust for his adopted daughter, Mrs.
Auzerais, and her children, $100,000; to Hannah B.
Fuller, $10,000; Sophia G. Cutter, $10,000; Mrs. Clinton
Hardy, $10,000; Mary Green, $10,000; for a monument,
$1,000; Lodge of Masons, $1,000, and to Mrs. Auzerais,
the residue of the estate.

The will contained the following provision: " My said
executors shall not be required to pay the legacies herein
to said Fuller, Hardy, and Green until such time as it
may be practicable to do so, having regard to beneficial
management of my said estate.   The said bequest of
$100,000 to my said daughter Lucy is not to be reduced
or diminished under any circumstances," etc.

By a codicil the testator gave additional legacies, as
follows: To Sarah W. Woart, $20,000 from the residue
of his estate; to Hannah B. Fuller, $10,000 additional;
to Sophia G. Cutter, $10,000 additional; to Mrs. J.
Downey Harvey, $10,000 out of the residue of the estate;
to Harriet E. Mowe, $5,000; to Gee Foo, $500; to Charlie,
$500, and to Sophia G. Cutter, $2,500 for a monument.

The will was probated May 29, 1891.   The estate was
appraised at $314,645.11.   The time for presentation of

claims against the estate expired March 29, 1892. The claims presented aggregated $1,579.55, and were all paid prior to May 6, 1892.

It is provided by section 1368 of the Civil Code that legacies are due and deliverable at the expiration of one year after the testator's decease, by section 1369 that they bear interest from the time they are due and payable, and by section 1370 that these provisions are in all cases to be controlled by the testator's express intentions.

The judgment of the probate court refusing interest is defended on various grounds.

1. It is contended that the above direction that the executors need not pay certain named legatees their legacies until it is practicable, having regard to the beneficial management of his estate, is an express declaration that the legacies were not due and payable until the executors shall deem, or the court shall find, that such payment is practicable, having regard to the beneficial management of the estate.

The first answer to this is obviously that the legacy due appellant is not one of those mentioned, and which it may be claimed may be withheld for the advantage of the estate. To prevent the application of the statutory rule the intention of the testator must be expressed in the will.

But I think that it would not matter if it were admitted that this provision of the will includes all legacies. The code rule is the common-law rule, which was induced partly by reason of public policy. A pecuniary legacy is a debt due from the estate—not a claim against the testator which must be proved and paid in due course of administration—but a claim against the estate imposed by the will. One year is allowed to the estate, during which time the executors ought to be able to collect and realize the assets, and be in readiness to discharge the obligations imposed upon the estate by the will. It would be difficult and impracticable to determine in every case when it would be con-

venient to pay the legacies, and so a general rule has
been adopted which cuts the knot by doing what in
general cases is convenient, though in particular cases
both convenience and justice would be disappointed.
(*Sitwell* v. *Bernard*, 6 Ves. 520.)

So, too, it is presumed that the money is earning
something for the estate, which the residuary legatee
ought not to be able to get at the expense of the special
legatee. To allow this would often involve delay in the
administration of estates in the interest of the residu-
ary.

It is therefore held, in the face of such provisions,
that it will be practicable or convenient to pay at the
end of one year. This is held even where administra-
tion was prevented by contests of the will or in regard
to right to administer. (*Powell* v. *Drake*, 19 D. C. 334;
*Kent* v. *Dunham*, 106 Mass. 586; *Welch* v. *Adams*, 152
Mass. 86; *In re McGowan*, 124 N. Y. 526.

In *Vernet* v. *Williams*, 3 Demarest, 349, the matter is
discussed at length, and numerous authorities cited and
commented upon. The conclusion is that such words
in a will do not affect the rule. The court will conclude
that it is practicable and convenient to pay at the end
of the year and not before. In fact, the words may be
held to refer to the rule, for it has been uniformly held
that "as soon as possible," or when practicable, means
at the end of the year. (*Rogers* v. *Rogers*, 2 Redf. 27.)

In *Ingraham* v. *Postell*, 1 McCord Eq. 94, it was said:
"It seems to be settled, as a general rule, that the legacy
shall carry interest after a year from the date of the
death of the testator, even though it appears that it
could not by any diligence be collected within that time,
because in contemplation of law it might have been
done." I conclude, upon this branch of the case, that
the legacy of appellant is not within the qualification
in the will, and if it were, still it would bear interest.
The rule prevailing in courts of chancery and adopted
in the code declares that it is convenient and practicable
to pay the same at the end of the year.

2. It is contended that the legacy to Mrs. Harvey is a residuary legacy, and therefore cannot be paid until the residuum is ascertained. If the legacy is really residuary, we need inquire no further. The suggestion of interest upon a residuary legacy is an absurdity, for there can be no fund from which the interest could be paid. Interest allowed on particular legacies always comes from the residuum, and when the money is retained by the estate its use is presumably to the advantage of the residuary.

But nothing can be more certain than that the legacy is not residuary. "A residuary legacy embraces only that which remains after all the (other) bequests of the will are discharged." (Civ. Code, sec. 1357.) There can be but one such residuum, and in the codicil containing the legacy to appellant, the testator mentions the gift of such residuum to Mrs. Auzerais after all the gifts in the will are fulfilled. This is the residuary legacy, and the only one provided for in the will.

The provision that the legacy should be paid out of the residue did not make the legacy residuary. The intent was doubtless that the bequests not so qualified should be first paid, and not be held liable for contribution until the qualified legacies were exhausted. In that sense all the bequests are residuary as to the first in trust for Mrs. Auzerais. And all might have been expressly made so. Suppose, for instance, a will should provide for a legacy to A of $10,000, and out of the residue to B a legacy of $10,000, and after the payment of the legacy to B, the residue to C. If there was anything in the estate for C he would be the only residuary legatee. No other would come within the language of the statute. And no other would come within the reason of the rule as to interest, for, presumably, the retention of the money by the executor has increased his legacy and diminished that of the other legatees. It is shown and admitted that Mrs. Auzerais received $150,000 as residuary legatee.

3. It is contended that a legacy is not due and payable

until it has been ordered paid by the probate court.
The existence of sections 1368 and 1369 of the Civil
Code is a sufficient answer to this contention. No
special statute would be required to inform us that a
legacy would be payable at least when it has been
ordered paid by the probate court. Section 1646 of the
Code of Civil Procedure, referred to, authorizes the ex-
ecutor to retain money in certain cases without paying
debts or legacies. Yet the debts are undoubtedly due.
Indeed, the purpose of the provision is to authorize the
executor to refuse payment of debts and legacies when
due, and it is because they were due that it was neces-
sary so to provide.

There was no attempt to show that it was in fact im-
practicable, having regard to the beneficial management
of the estate, to pay the legacy to appellant at the end
of the year. On the contrary, it plainly appeared that
it was practicable, for, June 6, 1892, Mrs. Auzerais filed
her petition asking the payment to her out of the re-
siduum of $75,000. She showed that there were plenty
of assets in the estate to warrant the payment of that
large sum to her as residuary legatee. The executor an-
swered, admitting the allegation, and the court made
the order authorizing it, and that sum was paid. Of
course, the claims of the particular legatees were prior
to hers.

The court below is directed to modify the decree ap-
pealed from by allowing interest on the legacy of appel-
lant as claimed by her.

HENSHAW, J., and McFARLAND, J., concurred.