(10 App. Div. 470.)

### HAIGHT et al. v. PINE et al.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

1. WILLS—INTEREST ON LEGACY.

Land was devised in fee, subject to a legacy to be paid, without interest, within a year after the devisee's death. The will empowered the executor to sell the land, invest the proceeds to the amount of the legacy, pay the interest to the devisee during his life, and within a year after his death pay the principal to the legatee. *Held*, that where the legatee, on the death of the devisee, took wrongful possession of the land, and he and the successors to his rights held possession a number of years, claiming to own it by descent, and prevented the sale of the land and payment of the legacy, they were not entitled to interest on the legacy after one year from the devisee's death.

2. EJECTMENT—ALLOWANCE FOR TAXES AND REPAIRS.

In an action for possession of land, and for an account of the rents and profits, defendants, though wrongfully in possession, may recoup the taxes paid and the cost of necessary repairs.

Appeal from special term, Westchester county.

Action by John B. Haight, executor of the will of Underhill L. Purdy, deceased, and others, against Sullivan M. Pine, individually, and as administrator of the estate of James Pine, deceased, Samuel Pine, and Gussie S. Pine, impleaded with others, for the construction of the will of Sarah Purdy, deceased, for an account by defendants of the rents and profits of certain premises, and for direction for the sale thereof. From so much of the judgment as allowed defendants the sum therein mentioned for taxes, repairs, insurance, and interest on a legacy which was a charge on such premises, plaintiffs appeal. Reversed conditionally.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Frederick W. Sherman, for appellants.

Owen T. Coffin, for respondents.

BRADLEY, J. This action was commenced in July, 1895, for the purpose, as expressed in the prayer for relief, of obtaining judicial construction of the will of Sarah Purdy, deceased, so far as related to the land in question, to require the defendants to account for the rents and profits of the premises, and for the direction of sale thereof. The title to the land, up to the time of her death, was in Sarah Purdy, who died in 1876, leaving her last will and testament, which was admitted to probate and record in June of that year, and letters testamentary were issued to her surviving husband, Underhill L. Purdy. By it she gave and devised to him, "and to his heirs and assigns, forever," all her estate, real and personal (except some personal property bequeathed to another), subject to the charge upon such devise of a legacy of $10,000 given to her brother James Pine, which legacy she directed to be paid, without interest, within one year after the decease of her husband; and she added that, "by the above provisions, it is intended to give to my husband the use of all my estate," with such exception, during his life. By another clause of the will, she empowered the

executor to sell and convey the whole or any part of the real estate, and to invest the moneys arising therefrom to the amount of $10,-000, the interest on which to be taken by her husband during his life, and within a year after his death the principal sum of $10,-000 to be paid to James Pine. The devisee, Underhill L. Purdy, died in the year 1889, leaving his will, which was admitted to probate, and letters testamentary were issued to the plaintiff Haight. By his will, he directed that his personal property be sold and converted into money, the amount of which be added to the proceeds, less $10,000 arising from the sale of the land, in conformity with the provision of the will of his deceased wife. It seems very clear that, by the provisions of her will in that respect, Sarah Purdy devised the real estate to her husband in fee, charged only with the legacy to James Pine. This was so determined by the court in another action. Haight v. Pine, 3 App. Div. 434, 39 N. Y. Supp. 511. The trial court found that after the death of Underhill L. Purdy, and about the 3d day of August, 1893, James Pine, without the permission of the plaintiffs, or any of them, wrongfully and forcibly entered into the possession of the land in question, and remained in the sole possession and occupation thereof to the time of his death, claiming to own it as the only heir of Sarah Purdy, deceased, and in violation of the provisions of her will; that in August, 1890, James Pine died, intestate, leaving, him surviving, four children, the defendants, and letters of administration were issued to the defendant Sullivan M. Pine; that, upon the death of his intestate, he, in behalf of himself and the other heirs and next of kin of James Pine, entered into the possession of the premises, and has continued in such possession and occupation thereof, claiming to own the same, in violation of the provisions of the will of Sarah Purdy, deceased, and in violation of those of the will of Underhill L. Purdy, deceased; that James Pine and the defendants Pine and Porteous, ever since the death of Underhill L. Purdy, have prevented a sale of the said premises; and that the legacy of $10,000 to James Pine has not been paid, by reason of the action of James Pine and those defendants. The trial court also found that the land consists of 75 acres, of the value of $300 per acre; that the annual rental value during the year 1889 to the time of the decision was $375; and that James Pine and the defendants Pine and Porteous have expended $750 for repairs, $774.69 for taxes, and $90 for insurance on the premises, since the death of Underhill L. Purdy. As conclusions of law, the court, with other things, determined that the entry of James Pine and of the defendant Sullivan M. Pine, and their possession of the premises, were wrongful, unlawful, and without right; that the premises be sold, and the defendant administrator be paid from the proceeds $10,-000, with interest after the first year, less the costs, and $584.55, the excess of the value of the use over the amount so paid, and for taxes and repairs, to wit, $1,665.45. This sum included also the $90 for insurance. Judgment was directed accordingly, in which was expressed the allowance of the defendants for insurance, as well as interest, taxes, and repairs.

The questions presented are whether the defendants were entitled to such allowances. The testatrix evidently contemplated that the legacy of $10,000 would be paid to James Pine within a year after the death of her husband, and she provided for that time to do it, without interest. By the sale of the premises within that time, it may have been accomplished. When the payment of interest is not the subject of express contract, a promise to pay it will be implied, and arise on default in payment of a specific sum of money which one is entitled to receive from another, and it is in the nature of damages for such default. Dana v. Fiedler, 12 N. Y. 40; Railroad Co. v. Moravia, 61 Barb. 180. From the expiration of the year after the death of the plaintiff's testator, the legatee, Pine, was presumptively entitled to interest on the legacy; and such was his legal right, unless by him the executor was denied the means and opportunity to pay the legacy in the manner contemplated by the will of the two testators. There may be causes which will suspend for a time the payment of a debt already due, and during such time relieve the person from the charge of interest unpaid. Such may be the effect of the status of war, or restraint by injunction or attachment, and in other ways excuse for such suspension and relief may be given by the creditor. Prescott v. Parker, 4 Mass. 170; Gillespie v. Mayor, etc., 3 Edw. Ch. 512; Stevens v. Barringer, 13 Wend. 639; Wheelock v. Tanner, 39 N. Y. 504.

The court has found that the legatee, and those who succeeded him in the right to the legacy, and in the possession of the premises, prevented the sale of them, and that, by reason of this action, the legacy has not been paid. As the evidence upon which those conclusions of fact were reached is not before us, they are entitled to the effect which they necessarily import. The legatee and his personal representatives and successors in interest were advised by the terms of the will that the fund for the payment of the legacy was to be derived from the sale of the land, and in no other manner; and, by preventing the sale, they denied to the executor of the will of Underhill L. Purdy the right to pay it, and therefore they were not and are not entitled to the allowance of any interest upon the legacy. Nor were the defendants entitled to the item of $90 for insurance. It was in no sense beneficial to those having title to the premises, and could not be available to them, nor was it beneficial to the land. Faure v. Winans, Hopk. Ch. 283.

A different question arises as to the allowance to the defendants for the expense for repairs, and for taxes paid by them. When a person having possession of land is by an outstanding title required to surrender it to another, he may, if his occupancy has been in good faith, be allowed for permanent improvements made on the premises in abatement of the owner's claim against him for rents and profits. This is an equitable defense. Green v. Biddle, 8 Wheat. 1; Jackson v. Loomis, 4 Cow. 168; Wood v. Wood, 83 N. Y. 575; Sedg. Dam. 126, 127. But while one who is not a bona fide occupant of land owned by another is not permitted to obtain affirmative relief by action to recover the expense of repairs made,

v.42N.Y.s.no.2—20

and for taxes on the premises paid by him, he is not wholly denied relief by way of defense against the claim for gross rents and profits made against him. But upon the principle that, even against a wrongdoer, actual damages only can be recovered, he may recoup the reasonable expense incurred by him for necessary repairs so made, and for such taxes paid, as, in legal contemplation, the owner has only been deprived of the residue, which constitutes the net rents and profits of the premises, or value of the use, and covers the damages sustained by him. Holmes v. Davis, 19 N. Y. 488; Murray v. Gouverneur, 2 Johns. Cas. 438; Sands v. Codwise, 4 Johns. 536, 604; Loos v. Wilkinson, 113 N. Y. 485, 21 N. E. 392. The allowance for the amount of such taxes so paid was properly made. They were not created by the defendants, but were assessed on the premises by public authority, and the land may have been chargeable with them; and, since the court was not required to find all the facts essential to the conclusions of law determined by its decision, it may be assumed that the allowance for the expense of repairs was warranted by the evidence.

It is unnecessary to consider the question whether or not, in view of the provisions of the will of Mrs. Purdy, there was any opportunity for Pine to claim, in good faith, the right, as her heir, to enter and occupy the premises.

These views lead to the conclusion that the judgment should be reversed, and a new trial granted, costs to abide the final award of costs, unless the defendants stipulate to reduce the amount allowed to them equal to that of the interest upon the legacy and the expenditure for insurance included in the allowance to the defendants; and in that event the judgment be so modified and affirmed, without costs to any party. All concur.