## In re AUSTIN'S WILL.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

1. INTEREST—ON LEGACIES.

Interest at legal rate is payable on legacies from end of the year after granting of letters testamentary or of administration, whether temporary or final, without regard to productiveness of the assets of the estate.

2. WILL—CONTEST—EXPENSES.

Testatrix's individual estate should not be charged with the expenses of a contest of the will not occasioned by the disposition of such estate, but by the manner in which she therein exercised the power of appointment given her by her husband's will.

Appeal from surrogate's court, New York county.

Judicial settlement of the accounts of Jane Oakes and others, as executors of Winifred Austin, deceased. From the decree, the executors appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, INGRAHAM, and PARKER, JJ.

Henry L. Sprague, for appellants.

Henry B. Hathaway, for respondents.

PARKER, J. On this review the executors complain of two features of the decree of the surrogate's court. The first is that it does not allow the sum of money paid out by them for the expenses of probating the will of the deceased, which they claim amounts to $28,602.67, of which amount only the sum of $5,000 was allowed. The second complaint is that the general legatees were allowed interest at the rate of 6 per cent. per annum so far as the moneys in the hands of the executor would pay the same. It is difficult to see why the executors should complain. They are not personally charged with any interest, and, while the interest is computed at the rate of 6 per cent., the fact is that the entire amount of the estate unexpended is insufficient to pay the legacies and interest at the rate of 6 per cent., and compels an abatement on each legacy to such an extent that the interest received by them is at a much lower rate than 6 per cent. per annum. But the court properly held that interest should be charged at the legal rate. Interest is payable upon a general pecuniary legacy one year after the expiration of the granting of letters testamentary or of administration, whether temporary or final. In re McGowan, 124 N. Y. 526, 26 N. E. 1098. Whether the assets of the estate have been fruitful or unproductive does not affect the right of the legatee. He is in the same position as a creditor, and entitled to be awarded interest at the legal rate for such time as he is kept out of his demand.

The cases cited by the counsel for the appellant are not in point. The question presented in each of them related to the extent, if any, to which an executor, administrator, or trustee should be personally charged, because of the manner of his investment of the funds of the estate. The total capital of the estate which came into the hands of the executors was $41,432.18, and the executors claim to have had paid into their hands the sum of $28,602.67. The referee

reported that $5,000 was a sufficient sum to have paid for the expenses of probate, and our investigation of the record leads us to the conclusion that the sum allowed is more than ample; but, as there is no appeal by the legatees, we are not in a position to review the amount. The occasion for the contest of the will was not owing to the disposition testatrix made of her individual estate, but because, under it, she exercised the power of appointment given her by the will of her husband, who left an estate valued at about $1,-200,000. This estate he directed should be divided among his five children, and the issue of a deceased child, in such shares and proportion as his wife, by last will and testament, should direct and appoint. Had she divided the estate into six equal shares, in all probability there would have been no contest, but, instead, she appointed and gave $1/2$ of her husband's estate to her daughter, giving to the sons each $5/64$ thereof. The sons filed objections to the probate of the will, and a contest was had in the surrogate's court, and an appeal taken to the general term from the decree admitting the will to probate. That court affirmed the decree, and from such decision an appeal was taken to the court of appeals, where it was dismissed. The daughter, Mrs. Oakes, to whom was appointed one-half of her father's estate, was appointed an executrix by her mother's will, and she was, of course, largely interested in sustaining the will by which she secured such a large proportion of her father's estate. She employed eminent counsel, who appeared upon the record not only for Mrs. Oakes as executrix, but for Mrs. Oakes individually; and it appears from the testimony of Mrs. Oakes that, at the time she incurred these large expenditures, she supposed they were to be paid out of the Hutchinson estate, and that she would have to pay one-half, and her brothers one-half. "Q. And it was with that in mind that you went ahead and made these expenditures? A. Yes; I didn't make it because I thought it was coming out of the little estate. Q. It never entered your head that it was coming out of this small estate at all? A. No; it never entered my head." It also appeared that the executors in the first instance charged all the probate expenses against the Hutchinson estate. The general pecuniary legatees, whose legacies the estate is insufficient to pay in full, with interest, and whom these executors would have suffer a further rebate, aggregating over $23,000, did not contest the will; nor was the controversy over its probate stimulated or affected by the bequests to them; and no occasion is presented, therefore, for charging the fund which the testatrix intended for them with the expenses incurred for the benefit of others. The finding of the referee, and the decree of the surrogate confirming it, that the executors should only be allowed $5,000 for the expenses of the probate proceedings, has such support in the evidence that it should be affirmed, on the ground that the nature of the contest was not of such a character as to have justified the executors in expending for probate purposes, out of the small estate of $40,000, a greater sum than $5,000.

The decree of the surrogate should be affirmed, with costs. All concur.