In the Matter of the Judicial Settlement of the Accounts of Jane Oakes and Others, as Executors, etc., of Winifred Austin, Deceased.

Jane Oakes and Others, Executors, etc., of Winifred Austin, Deceased, Appellants ; Cecelia Carr and Others, Respondents.

*Legacy — interest after one year — expenses of a will contest arising out of the exercise of a power of appointment.*

Interest is payable upon a general pecuniary legacy at the expiration of one year from the granting of letters testamentary or of administration, whether temporary or final; and the fact that the assets of the estate have been unfruitful or unproductive, does not affect the right of the legatee, who is in the same position as a creditor, and is entitled to be awarded interest at the legal rate for such time as he is kept out of his demand.

The question as to how the expenses attendant upon a contested will suit should be paid, where the contest arises not out of the disposition made by a testatrix

of her individual estate, but because of the manner of her exercise of a power of appointment of her husband's estate given to her by his will, and where the executrix of the testatrix is the principal appointee, under such exercise of the power over the husband's estate, considered.

APPEAL by Jane Oakes and others, executors, etc., of Winifred Austin, deceased, from a decree of the Surrogate's Court of the county of New York, bearing date the 15th day of June, 1896, and entered in the office of said Surrogate's Court, settling their accounts as executors of Winifred Austin, deceased.

*Henry L. Sprague*, for the appellants.

*Henry B. Hathaway*, for the respondents.

PARKER, J.:

On this review the executors complain of two features of the decree of the Surrogate's Court. The first is, that it does not allow the sum of money paid out by them for the expenses of probating the will of the deceased, which they claim amounts to $28,602.67, of which amount only the sum of $5,000 was allowed.

The second complaint is, that the general legatees were allowed interest at the rate of six per cent per annum so far as the moneys in the hands of the executor would pay the same. It is difficult to see why the executors should complain. They are not personally charged with any interest, and while the interest is computed at the rate of six per cent, the fact is that the entire amount of the estate unexpended is insufficient to pay the legacies and interest at the rate of six per cent, and compels an abatement on each legacy to such an extent that the interest received by them is at a much lower rate than six per cent per annum. But the court properly held that interest should be charged at the legal rate.

Interest is payable upon a general pecuniary legacy at the expiration of one year after the granting of letters testamentary or of administration, whether temporary or final. (*Matter of McGowan*, 124 N. Y. 526.)

Whether the assets of the estate have been fruitful or unproductive does not affect the right of the legatee. He is in the same position as a creditor, and entitled to be awarded interest at the legal rate for such time as he is kept out of his demand.

The cases cited by the counsel for the appellant are not in point. The question presented in each of them related to the extent, if any, to which an executor, administrator or trustee should be personally charged because of the manner of his investment of the funds of the estate.

The total capital of the estate which came into the hands of the executors was $41,432.18, and the executors claim to have had paid into their hands the sum of $28,602.67. The referee reported that $5,000 was a sufficient sum to have paid for the expenses of probate, and our investigation of the record leads us to the conclusion that the sum allowed is more than ample; but as there is no appeal by the legatees we are not in a position to review the amount.

The occasion for the contest of the will was not owing to the disposition the testatrix made of her individual estate, but because under it she exercised the power of appointment given her by the will of her husband, who left an estate valued at about $1,200,000. This estate he directed should be divided among his five children and the issue of a deceased child, in such shares and proportion as his wife, by last will and testament, should direct and appoint.

Had she divided the estate into six equal shares, in all probability there would have been no contest, but instead she appointed and gave one-half of her husband's estate to her daughter, giving to the sons each five sixty-fourths thereof. The sons filed objections to the probate of the will, and a contest was had in the Surrogate's Court, and an appeal taken to the General Term from the decree admitting the will to probate. That court affirmed the decree, and from such decision an appeal was taken to the Court of Appeals where it was dismissed.

The daughter, Mrs. Oakes, to whom was appointed one-half of her father's estate, was appointed an executrix by her mother's will, and she was, of course, largely interested in sustaining the will by which she secured such a large proportion of her father's estate. She employed eminent counsel, who appeared upon the record not only for Mrs. Oakes as executrix, but for Mrs. Oakes individually, and it appears from the testimony of Mrs. Oakes that, at the time she incurred these large expenditures, she supposed they were to be paid out of the father's estate and that she would have to pay one-one-half and her brothers one-half.

" Q. And it was with that in mind that you went ahead and made these disbursements ? A. Yes ; I did not make it because I thought it was coming out of the little estate. \* \* \* Q. It never entered your head that it was to come out of this small estate at all ? A. No ; it never entered my head."

It also appeared that the executors in the first instance charged all the probate expenses against the father's estate. The general pecuniary legatees, whose legacies the estate is insufficient to pay in full with interest, and whom these executors would have suffer a further rebate, aggregating over $23,000, did not contest the will, nor was the controversy over its probate stimulated or affected by the bequests to them ; and no occasion is presented, therefore, for charging the fund, which the testatrix intended for them, with the expenses incurred for the benefit of others.

The finding of the referee, and the decree of the surrogate confirming it, that the executors should only be allowed $5,000 for the expenses of the probate and proceedings, has such support in the evidence that it should be affirmed on the ground that the nature of the contest was not of such a character as to have justified the executors in expending for probate purposes out of the small estate of $40,000 a greater sum than $5,000.

The decree of the surrogate should be affirmed, with costs.

Van Brunt, P. J., Rumsey, O'Brien and Ingraham, JJ., concurred.

Decree affirmed, with costs.

---

Ellen Sullivan, as Administratrix, etc., of Daniel C. Sullivan, Deceased, Appellant, *v.* Third Avenue Railroad Company, Respondent.

*Negligence — an employee, engaged in laying the tracks of a surface road, crushed between a horse car and the girder of an elevated railroad.*

An employee, engaged in constructing a temporary street railroad track, although upon the approach upon such track of a horse car belonging to his employer he might have crossed over to its westerly side and avoided all danger, voluntarily remained on its east side, where an iron girder about thirty feet long (not placed there by his employer), which had been tied to two iron pillars forming part of