ESTATE OF MARY A. REDFIELD, DECEASED.

[No. 11,451; .October, 1898.]

**Interest on Legacy—Code and Common-law Rule.**—At the common law, and under sections 1368 and 1369 of the Civil Code, a pecuniary legacy bears interest at the legal rate from one year after the demise of the testator.

**Interest on Legacy—Settlement Delayed by Will Contest.**—A pecuniary legacy bears interest from one year after the death of the testator, where the settlement of the estate is delayed, without fault. of the administrator, by a contest of the will.

J. C. Campbell, Reddy, Campbell & Metson, for contesting heirs.

T. C. Van Ness, Van Ness & Redman, for Francis E. Redfield, administrator cum testamento annexo, and residuary legatee.

W. H. Chickering, Chickering, Thomas & Gregory, for W. G. Hall, former executor, now deceased.

R. E. Houghton, for certain legatees.

COFFEY, J. The question involved in this proceeding is: whether the general legacies provided for in the will of Mary A. Redfield, deceased, bear interest at the legal rate of seven per cent per annum from the end of one year after the death of the testator.

Mrs. Redfield died testate on October 4, 1891. The will was admitted to probate; proceedings for the contest of the probate of the same were instituted, and a trial thereof had before the superior court sitting with a jury. Said trial resulted in a verdict and judgment annulling and revoking the probate of said will. A motion for a new trial having been denied, an appeal to the supreme court was taken from the order denying the same. The supreme court reversed said order, and remanded said cause for a new trial. Thereupon said contest to revoke the probate of said will was again tried before this department of the superior court sitting with a jury, and resulted in a verdict and judgment sustaining the

probate of said will. An appeal taken from this judgment was dismissed by the supreme court on the 18th day of August, 1898. On August 26, 1898, Francis E. Redfield, administrator with the will annexed of the estate of said Mary A. Redfield, rendered and filed his final account and filed therewith his petition for final distribution, which said petition sets forth the pendency of said contest as the reason why an earlier application for said distribution has not been made. Upon the hearing of said application, said Francis E. Redfield, a residuary legatee named in said will, objected to the allowance of interest upon the legacies provided for in said will, upon the ground that the settlement of the estate had been belated by reason of said contest without any fault upon the part of said administrator.

In this contention of said residuary legatee, the court cannot concur.

The rule is well established at common law that all general legacies bear interest at the legal rate from one year after the demise of the testator, even though the condition of the estate rendered payment of the legacy impracticable and the assets of the estate were actually unproductive. This rule is the offspring of another rule which received an early recognition in chancery, the provisions of which allowed to the estate one year, during which time the executor ought to be able to collect and realize the assets and be in readiness to discharge the obligations imposed upon the estate by the will. This latter rule, says Lord Hardwicke speaking for the court in Beckford v. Tobin, 1 Ves. Sr. 380, survived from the ecclesiastical court; Lord Redesdale, in Pearson v. Pearson, 1 Sch. & L. 10, attributed to it a similar origin. But whatever may be the origin of the rule, it is irrevocably fixed as a general rule, and is not now open to controversy: Sullivan v. Winthrop, 1 Sum. 1, Fed. Cas. No. 13,600, 23 Fed. Cas. 371, 375. A pecuniary legacy is to be regarded as a debt due from the estate at the end of one year after the testator's death, and the legatee, when he is entitled to be paid, is in precisely the same situation as a creditor of the estate and should be awarded interest for such time as he is kept out of his demand: Austin's Will, 19 App. Div. 192, 45 N. Y. Supp. 984;

Sloan's appeal, 168 Pa. St. 422, 428, 47 Am. St. Rep. 889, 890, 32 Atl. 42; Hoffman v. Pennsylvania Hospital, 1 Dem. (N. Y.) 118, 122.

"The rule is founded on the principle that interest follows as an incident of, or accretion to the legacy, and not on the principle that the payment is imposed on the executor as a penalty for his default or neglect": Esmond v. Brown, 18 R. I. 48, 49, 25 Atl. 652.

To the same effect are, Welch v. Adams, 152 Mass. 74, 86, 9 L. R. A..244, 25 N. E. 34; Ogden v. Pattee, 149 Mass. 82, 84, 14 Am. St. Rep. 401, 21 N. E. 227; Kent v. Dunham, 106 Mass. 586, 591; Davison v. Rake, 44 N. J. Eq. 506, 510, 16 Atl. 227. The right to interest grows out of the right to the legacy, and not out of a right for its recovery: Davison v. Rake, 44 N. J. Eq. 506, 510, 16 Atl. 227.

In determining the right of the legatee to interest upon the legacy, the question of the actual posture of the estate is immaterial (Sullivan v. Winthrop, 1 Sum. 1, Fed. Cas. No. 13,600, 23 Fed. Cas. 371, 375, and cases therein cited) ; neither does the fact that the legacy could not by any diligence be collected affect the right (Ingraham v. Postell, 1 McCord Eq. (S. C.) 94, 98; Welch v. Adams, 152 Mass. 74, 87, 9 L. R. A. 244, 25 N. E. 34; Davison v. Rake, 44 N. J. Eq. 506, 510, 16 Atl. 227; Hoffman v. Pennsylvania Hospital, 1 Dem. (N. Y.) 118, 121) ; nor whether the assets of the estate are productive or not (Austin's Will, 19 App. Div. 192, 45 N. Y. Supp. 984; Sloan's Appeal, 168 Pa. St. 422, 47 Am. St. Rep. 889, 890, 32 Atl. 42; 2 Williams on Executors, Am. ed. 1895, p. 743; Hoffman v. Pennsylvania Hospital, supra) ; nor will the residuary legatee be heard to complain.

"The residuary legatees are in no position to complain, for the estate is charged with the payment of the debts and the pecuniary legacies first, and not until this is done is the residue ascertained or the extent of their interest in the estate determinable": Sloan's Appeal, 168 Pa. St. 422, 428, 47 Am. St. Rep. 889, 890, 32 Atl. 42. See, also, In re Williams, 112 Cal. 521, 525, 53 Am. St. Rep. 224, 44 Pac. 808.

It matters not what the obstacle interposed to the due administration of the estate may be, the rule is the same. In

the case of Powell v. Drake, 19 Dist. of Columbia Rep. 334, payment of interest upon the pecuniary legacies was refused upon the ground that the settlement of the estate had been delayed by proceedings to contest the probate of the will without any fault upon the part of the executor, and also upon the further ground that payment of such interest would diminish the residuary estate—a state of facts precisely similar to those in the proceedings at bar—and the court held, and we think properly, that these general legacies bore interest from the end of one year after the death of the testator. At page 338 the court say:

"General legacies are preferred to residuary legacies, and are never to abate in their favor, and will be paid in full though it may exhaust the assets and destroy the claim of the residuary legatees. Neither should interest upon them be denied in favor of those claiming under the residuary clause. . . .

"In the most recent decision of the subject in that state, Budd v. Garrison, 45 Md. 420, Judge Miller says: 'There can be no doubt that a pecuniary legacy bears interest from the time at which it is, by the terms of the will, made payable, and if no time of payment is fixed by the will, it is payable within the time limited by law, and bears interest from that date—that is, from the expiration of one year after the testator's death.'

"The only authority cited in behalf of defendants that really supports their contention is State v. Adams, 71 Mo. 620. In that case a legatee who had contested the will sued the bond of the executor for the amount of her legacy after the will had been established. The court held she was not entitled to interest from the expiration of one year after the death of the testator, but only from the termination of the contest by the establishment of the will. We are at a loss to discover upon what ground this decision can be justified. Possibly the provisions of the Missouri statute (1 Rev. Stats. 111, sec. 2), which declares that no executor shall be compelled to make distribution or pay legacies (except by order of the court) to the widow within two years, unless bond and security to refund be given, may in some way bear upon the

question in that state, but we cannot hesitate to reject it as an unsafe guide, in the face of the overwhelming authority to the contrary in this country and in England. Even if caveators who have put an estate to expense and delay by unjust litigation would be deprived of interest as a punishment for making a contest where there is such a provision in the will, these legatees who are not of the number of objectors to Admiral Powell's will should not be mulcted by such loss for the indiscretions or selfishness of others.''

This rule of the common law received further expression in In re Bartlett, Petitioner, 163 Mass. 521, 40 N. E. 899; In re McGowan, 124 N. Y. 526, 529, 531, 26 N. E. 1098, and the two cases of Guthrie v. Wheeler, 51 Conn. 208, 212, and Welch v. Adams, 152 Mass. 74, 86, 9 L. R. A. 244, 25 N. E. 34, extend the right to interest to a legatee who has contested the will. The language of the opinion in the latter case is as follows:

''It is without doubt true, that where the settlement of an estate is delayed by legal controversy, and where funds are accumulated under such circumstances that they cannot be permanently invested, loss may be occasioned to the residuum of the estate. The contestant who disputes a will is still, however, in the exercise of his legal rights. It was held, therefore, in Kent v. Dunham, 106 Mass. 586, that the fact that legatees had caused delay by unjustifiable proceedings, embarrassing the executors in the settlement of the estate, was inadmissible for the purpose of defeating their claim to interest'': Welch v. Adams, 152 Mass. 74, 86, 9 L. R. A. 244, 25 N. E. 34.

Counsel for the administrator and residuary legatee urged upon the court, in the hearing of the petition for final distribution, that this rule, so firmly established at common law, had been varied in this jurisdiction by the provisions of the statute as contained in the Civil Code, sections 1368 and 1369. The former section provides that ''legacies are due and deliverable at the expiration of one year after testator's decease,'' and the latter that ''legacies bear interest from the time they are due and payable.'' It is urged that the use of the word ''payable'' in the latter section is indicative of an

intention on the part of the legislature to declare that interest does not commence to run when the legacy is "due and deliverable," viz., one year after the death of the testator, but when the estate is in a condition to pay the legacy. The supreme court has declared in In re Williams, 112 Cal. 521, 53 Am. St. Rep. 224, 44 Pac. 808, that the language of the statute will bear no such construction. The question involved upon that appeal was whether appellant, Mrs. Harvey, was entitled to interest upon a legacy of $10,000, given her by the will of the deceased. An examination of the record in that proceeding will show that the payment of legacies had been postponed by proceedings had for the contest of the probate of the will. Under point 3 of the brief of respondents the precise question raised by legatees in the proceedings at bar was thus presented:

"Was the legacy of appellant due and payable at the end of the year succeeding the death of the testator within the meaning of section 1369 of the Civil Code?"

"Our contention is that as long as the administration of the estate is in such position that the executors cannot be. called upon and compelled to pay a legacy, it is not due and payable under the section of the code quoted."

With the issue thus clearly presented for its consideration the court, speaking through Mr. Justice Temple, say:

"It is provided by section 1368 of the Civil Code that legacies are due and deliverable at the expiration of one year after the testator's decease, by section 1369 that they bear interest from the time they are due and payable, and by section 1370 that these provisions are in all cases to be controlled by the testator's express intentions."

"The judgment of the probate court refusing interest is defended on various grounds.

"It is contended that the above direction that the executors need not pay certain named legatees their legacies until it is practicable, having regard to the beneficial management of this estate, is an express declaration that the legacies were not due and payable until the executors shall deem, or the court shall find, that such payment is practicable, having regard to the beneficial management of the estate.

"The first answer to this is obviously that the legacy due appellant is not one of those mentioned, and which it may be claimed may be withheld for the advantage of the estate. To prevent the application of the statutory rule the intention of the testator must be expressed in the will.

"But I think it would not matter if it were admitted that this provision of the will includes all legacies. The code rule is the common-law rule, which was induced partly by reason of public policy. A pecuniary legacy is a debt due from the estate—not a claim against the testator which must be proved and paid in due course of administration, but a claim against the estate imposed by the will. One year is allowed the estate, during which time the executors ought to be able to collect and realize the assets, and be in readiness to discharge the obligations imposed upon the estate by the will. It would be difficult and impracticable to determine in every case when it would be convenient to pay the legacies, and so a general rule has been adopted which cuts the knot by doing what in general cases is convenient, though in particular cases both convenience and justice would be disappointed: Sitwell v. Bernard, 6 Ves. 520.

"So, too, it is presumed that the money is earning something for the estate, which the residuary legatee ought not to be able to get at the expense of the special legatee. To allow this would often involve delay in the administration of estates in the interest of the residuary.

"It is therefore held, in the face of such provisions, that it will be practicable or convenient to pay at the end of one year. This is held even where administration was prevented by contests of the will or in regard to right to administer: Powell v. Drake, 19 D. C. 334; Kent v. Dunham, 106 Mass. 586; Welch v. Adams, 152 Mass. 86, 9 L. R. A. 244, 25 N. E. 34; In re McGowan, 124 N. Y. 526, 26 N. E. 1098. . . .

"The court below is directed to modify the decree appealed from by allowing interest on the legacy of appellant as claimed by her":

In re Williams, 112 Cal. 521, 524, 527, 53 Am. St. Rep. 224, 44 Pac. 808; Haight v. Pine, 10 App. Div. 470, 42 N. Y. Supp. 303, and Vandergrift's Appeal, 80 Pa. St. 116, are

not in point. State v. Adams, 71 Mo. 620, has been rejected "as an unsafe guide, in the face of the overwhelming authority to the contrary in this country and in England," viz., Powell v. Drake, supra.

For the reasons and upon the authorities above set forth, the objection of the residuary legatee is overruled, and interest is. allowed as claimed on the legacies from one year after the decease of testatrix.