## In re ERVING'S ESTATE.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

**1. Executors—Legacies—Payment—Interest.**

Where there was nothing in a will indicating an intention of testatrix that legacies should not draw interest until paid, the fact that they could not be paid in full until funds were received from the sale of lands in a foreign state did not deprive the legatees of the right to interest.

**2. Same—Computation of Interest.**

Where partial payments are made on legacies entitled to interest, the amount due should be determined by first applying the payment to the discharge of interest then due, and, if the payment exceeds the interest, by applying the surplus to discharge the principal, the subsequent interest to be computed on the balance of the principal remaining due; and, if a payment be less than the interest, the surplus interest should not be taken to augment the principal, but interest should be computed as continuing on the former principal until the period when payments, taken together, exceed the interest due, and then the surplus to be applied toward discharging the principal, and interest to be then computed on the balance as before.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Interest, § 132.]

Appeal from Order of Surrogate, New York County.

Judicial settlement of the estate of Harriot Erving, deceased. From an order of the Surrogate's Court directing George Leask and another, executors, to pay Merced D. M. Greene and others, petitioners, a balance on certain legacies, both parties appeal. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

H. W. Simpson, for appellants Green and others.

James H. Fay, for appellants Leask and others.

Jacob F. Miller, for appellant Society for Reformation of Juvenile Delinquents.

Samuel T. Carter, Jr., for appellant Burnham Industrial Farm.

David J. Newland, for appellant Baptist Home for the Aged.

McLAUGHLIN, J. Cross-appeals from an order of the Surrogate's Court of the County of New York directing the executors of the last will and testament of Harriot Erving, deceased, to pay to the petitioners a balance of two legacies. Subsequent to the taking of the appeals the residuary legatees named in the will were made parties to the proceeding under section 2573 of the Code of Civil Procedure. There is no dispute as to the facts, the sole question presented being whether the petitioners are entitled to interest upon their legacies, and, if so, the way in which such interest shall be computed. The facts, so far as the same may be necessary to a proper consideration of the question presented, are as follows: Harriot Erving died in December, 1888, leaving a will, which was admitted to probate, and letters testamentary issued by the Surrogate's Court to the executors therein named on the 20th of December of that year. By this will the testatrix bequeathed the sum of $10,000 to each of her nieces, the petitioners above named. At the date of the testatrix's death her estate consisted, with the exception

of a small amount of personal property, of an undivided one-half interest in the estates of her two deceased brothers. Such one-half interest was appraised in the official inventory of her estate at a nominal or unknown value, the estates being then involved in judicial proceedings, the result of which was uncertain. The judicial proceedings occupied several years after the testatrix's death, and it was not until October 4, 1898, that her executors came into possession or control of her one-half interest in her brothers' estates, which consisted of certain lands in California. As the executors did not and were unable to realize at once sufficient moneys with which to pay off the legacies in full, they made payments from time to time as remittances were received from California on the sale of a portion of the land, and it was not until June 14, 1904, that there were sufficient funds in their hands to pay the legacies in full. They then claimed there was only due to each of the legatees the sum of $1,303.97. This was disputed, each of the legatees claiming there was due $2,581.87. The executors, however, paid what they claimed was due, and thereupon the petitioners instituted this proceeding for the purpose of compelling them to pay the alleged balance. The dispute between the executors and the petitioners related to the method in which the interest upon the legacies had or should be computed. The executors claimed—and this is the method adopted by them—that interest upon the legacies should be computed at the rate of 6 per cent. from the expiration of one year from the time letters testamentary were issued to final payment; that interest should also be computed upon each payment as made to the same time; that the aggregate amount of payments and interest thereon, taken from the amount of the legacies with interest, showed to what the petitioners were entitled. If this were the proper method of computing the interest, then the executors' contention is correct, and the petitioners have received all to which they are entitled. The petitioners contended that interest should be cast upon the legacies from the time specified, and at the rate adopted by the executors, until the payments made to apply thereon exceeded the interest, and that the surplus of such payments should then be applied towards discharging the principal, and that thereafter interest was to be computed on the balance of the principal remaining due. The surrogate did not adopt either method. He allowed interest upon the legacies to the time when payments to apply thereon exceeded the interest, then he allowed interest on the payments made from the time they were made until that time, and then added the interest to the payments, and deducted that from the principal sum, with the interest thereon. Under the method adopted by him, there was found to be due each of the petitioners on the 14th of June, 1904, $1,882.49. An order was entered to this effect, from which the parties have appealed as above indicated.

· The residuary legatees contend that, inasmuch as there was no personal estate, and the executors did not have sufficient funds to pay the legacies until the same were received from a sale of the California lands, the legatees are not entitled to any interest upon their legacies, for which reason the order should be reversed, and

the petitioners ordered to make restitution to the executors of all sums received over and above the amount of their legacies. I think they are mistaken in their contention. The general rule is that a legacy draws interest at the legal rate after one year from the issuance of letters testamentary, unless there is something in the will to indicate a contrary intent (Matter of McGowen, 124 N. Y. 526, 26 N. E. 1098), and this whether the estate has been fruitful or unproductive (Matter of Oakes, 19 App. Div. 192, 45 N. Y. Supp. 984). There is nothing in the will of the testatrix to indicate that she did not intend the legacies given to the petitioners should draw interest, and the fact that they could not be paid in full until funds were received from a sale of the California lands did not deprive them of the right to interest.

This leads to a consideration of the only other question involved on the appeal, and that is the method which should be adopted in calculating the interest, and upon this it does not seem as if there could be any serious doubt. The rule to be applied was settled nearly a hundred years ago in Connecticut v. Jackson, 1 Johns. Ch. 17, 7 Am. Dec. 471. It was stated as follows:

"The rule for casting interest when partial payments have been made is to apply the payment in the first place to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of the principal remaining due. If the payment be less than the interest, the surplus of interest must not be taken to augment the principal, but interest continues on the former principal until the period when the payments taken together exceed the interest due, and then the surplus is to be applied towards discharging the principal, and interest is to be computed on the balance as aforesaid."

It has since been followed. Young v. Hill, 67 N. Y. 162, 23 Am. Rep. 99; Peyser v. Myers, 135 N. Y. 599, 32 N. E. 699. In the latter case the court said:

"The interest was computed on the principal to such time as the payments equalled or exceeded the interest, and then a new principal was ascertained. The method of computation adopted has been long recognized in this state as legal, and we perceive no reason for disregarding it in the present case."

If the interest on the legacies in question be computed according to this rule, then there was due each of the petitioners on the 14th of June, 1904, the sum of $2,581.77, instead of $1,882.49, as found by the surrogate. To this extent the order appealed from is erroneous, and must be modified accordingly.

It follows, therefore, that the order appealed from must be modified by directing payment to each of the petitioners of the sum of $2,581.77, with interest from the 14th of June, 1904, and, as thus modified, should be affirmed, with $10 costs and disbursements to the petitioners. All concur.