[L. A. No. 1106.　Department Two.—October 7, 1902.]

In the Matter of the Estate of ANN S. C. BLAKE, Deceased. PHILIP K. BROWN et al., Trustees, Appellants, v. ALLEN A. BROWN, and MOORFIELD STOREY, Executors, Respondents.

ESTATES OF DECEASED PERSONS—INTEREST UPON LEGACY.—A legacy under the will of a deceased person bears interest from the time when it is due and payable.

ID.—CHARITABLE LEGACY—APPOINTMENT OF TRUSTEES—ORDER FOR PAYMENT—INSTRUMENT SPECIFYING TRUSTS—EXECUTION—INTEREST.— Where the will provided for a charitable legacy payable twelve

months after death to trustees named in the will, or others to be appointed by the executors, upon certain trusts, to be expressed in some instrument securing the application of the legacy to the trusts specified in the will, and the executors appointed other trustees, and obtained an order directing payment of a specified sum by them to such trustees, and directing the executors to enter into a written agreement with the trustees expressing the trusts, as provided by the will, and such agreement was prepared and executed by the executors and delivered to the trustees for their signatures,—the trustees are entitled to interest from the date of such instrument expressing the trusts until the payment of the money, though they did not themselves sign the instrument until two days prior to such payment.

ID.—FINDING AS TO FAULT OF TRUSTEES.—A finding that the delay in payment is due to the fault of the trustees appointed by the executors is incorrect and cannot be sustained.

ID.—MONEY HELD ON DEPOSIT—CONDITIONAL TENDER.—When the money was held on deposit by the executors until the deposit was transferred to the account of the trustees there was no conditional tender of the money to the trustees.

APPEAL from a decree of the Superior Court of Santa Barbara County directing the payment of money by executors to trustees. W. S. Day, Judge.

The facts are stated in the opinion.

Richard C. Harrison, for Appellants.

Richards & Carrier, for Respondents.

SMITH, C.—This is an appeal from a decree directing the executors of the will of deceased to pay over to the appellants —who are trustees of a bequest made by the testatrix to certain charitable uses—the balance of the amount bequeathed, as found to be due by the court. The only point in dispute is as to the item of interest on $60,000 from April 30th to July 9, 1900, amounting to the sum of $805, which, it is claimed by the appellants, should have been allowed, and with reference to which the facts, as found, are as follows:—

By the terms of the will the executors were directed, upon the expiration of twelve months from the death of the testatrix, to pay the sum of $80,000 to certain trustees named in the will, or, in the discretion of the executors, to some other person or persons upon trusts to be expressed in some instrument securing the application of the legacy to the trusts

specified in the will. Under this provision the appellants were appointed trustees by the executors; and on the application of the latter an order was made by the court, April 2, 1900, directing them to pay over to the appellants, as trustees, the sum of $60,000, and further directing them to enter into a written agreement with the said trustees, expressing the trusts, as provided by the will. Accordingly, on the thirtieth day of April, 1900, the agreement directed by the court was prepared and signed by the executors, and by them presented to the appellants for signature; but was not signed by them until the seventh day of July, 1900. During this period, and until the ninth day of July following, there was on deposit in the First National Bank of Santa Barbara—of which bank during the period named H. P. Lincoln, one of the appellants, was cashier—the sum of $60,000, with written directions to the bank to pay the same to the appellants, upon notice to the bank by the attorneys of the executors that the agreement and a receipt for the money had been executed by the appellants; and such notice having been given, July 7, 1900, the money was, on the ninth day of July, placed by the bank to the credit of the appellants. It is found by the court that the delay in the payment was due to the delay of the appellants in executing the agreement and receipt required of them; and accordingly the court refused to allow interest on the sum of $60,000 (the amount ordered to be paid) for the period named.

In this, we think, the court erred. By the provisions of the code, "legacies bear interest from the time when they are due and payable." (Civ. Code, sec. 1369; *Estate of Williams,* 112 Cal. 521.[1]) The case cannot be distinguished in principle from that of *Esmond* v. *Brown,* 18 R. I. 48, cited by the appellant. In that case the legatee had died within a year from the death of the testator, and there was no administrator of his estate until more than a year thereafter; and it was held that interest was recoverable from March 15, 1890, one year from the testator's death.

The finding of the court that the delay in payment was owing to the fault of the petitioners is incorrect, and the fact found even impossible. The petitioners were not the individuals signing the petition, but the trustees of the fund, and they did not come into being as such until the agreement was

[1] 53 Am. St. Rep. 224.

executed, and the trust accepted. Until then there were no persons in being to whom the legacy was payable; nor upon their becoming trustees could their rights be affected by the previous delinquency of one or more of them.

Nor can the position of the respondents be sustained that there was in fact a conditional tender of the money. It is not found, nor is it alleged, that a tender was made, but merely that the money was deposited in bank, presumably with the knowledge of one or more of the persons named as trustees. Nor until the trust was accepted and the agreement signed were there any persons in being entitled to receive the money.

We advise that the cause be remanded, with directions to the court below to modify the decree appealed from by allowing interest on the sum of $60,000, as claimed by the appellants, and that as amended the decree shall stand affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the cause is remanded, with directions to the court below to modify the decree appealed from by allowing interest on the sum of $60,000, as claimed by the appellants, and that as amended the decree is affirmed.

McFarland, J., Temple, J., Henshaw, J.