MARY H. BUDD *vs.* CHARLES C. GARRISON and JENNIE C. GARRISON.

*Construction of Will as to whether Interest was payable on a Legacy.*

A testator gave to his daughter Mary his entire estate, real and personal, she "to pay all legacies out of said estate hereinafter named." Among other legacies, he gave to the children of his son Thomas the sum of $1000.00, "to be equally divided among the same when they shall arrive at lawful age;" and appointed his said daughter, Mary, *guardian* for said children. HELD:

1st. That the children were entitled to receive the benefit of interest on their legacy before they attained lawful age, such being the intention of the testator apparent on the face of the will.

2nd. That the appointment of a *guardian* for the children was a controlling fact, clearly manifesting the testator's intention that such guardian should receive this legacy from the executor or collect it from the estate on which it was charged, and hold it for the benefit of the wards, the interest or income from it to be applied to their joint support and maintenance during their minority, and the principal to be divided equally between them when they arrived at lawful age.

APPEAL from the Circuit Court for Cecil County.

The bill in this case was filed by the appellees, children of Thomas C. Garrison, and grand-children of the testator Nehemiah Garrison, against the appellant, daughter of the testator. The object of the bill was to recover on the part of the complainant Charles, his portion of a pecuniary legacy bequeathed by the testator, and interest on such portion from the date of the testator's death; and on the part of the complainant, Jennie, her proportion of interest only, from the death of the testator, she having received her portion of the legacy after she became of legal age to

receive it. The bill charged that the said legacy was a charge on the real estate devised by the testator to the defendant. The defendant answering admitted that there was due to the complainant Charles, the sum of three hundred and thirty-three and a third dollars, with interest thereon from the time designated in the will of the testator for the payment of said sum, but she denied that she was liable for any interest on said legacy except from the time designated in said will for its payment. She also admitted that the complainant Jennie had received the sum of three hundred and thirty-three dollars and a third, which was her proportional share of the sum bequeathed to the children of Thomas Garrison, by the will of the testator; and averred that said sum was paid at the time at which payment was directed to be made by the will aforesaid, but denied that she was liable for any interest, or that the said legatees under said will, were entitled to any interest on said legacy except for such time as the same had been detained beyond the period designated in said will for its payment. By the decree of the Court below, (STUMP, J.,) the complainants were allowed interest on their proportion of said legacy from the expiration of thirteen months after the death of the testator. From this decree the defendant appealed. The case is further stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*Alexander Evans,* for the appellant.

*E. Calvin Williams* and *W. S. Evans,* for the appellees.

MILLER, J., delivered the opinion of the Court.

In this case the testator gave and bequeathed to his daughter, Mary H. Budd, his entire estate, real and per-

sonal, she "to pay all legacies out of said estate herein and after named." He then gives to his daughter, Sarah Trites, the sum of $3000. He then gives and devises to the children of his son Thomas, the sum of $1000, "*to be equally divided* among the same, when they shall arrive at lawful age," and in similar terms gives a like sum to the children of his son Daniel. He then gives to the children of his son Nehemiah, "the sum of $300 each, *to be paid* when they shall arrive at lawful age." He then appoints his daughter, Mary H. Budd, *guardian* for the children of his said three sons, and constitutes his grand-son, J. Thomas Budd, his executor. The question presented by this appeal is, from what time does this legacy to the children of Thomas bear interest?

There can be no doubt that a pecuniary legacy bears interest from the time at which it is, by the terms of the will, made payable, and if no time of payment is fixed by the will, it is payable within the time limited by law, and bears interest from that date, that is from the expiration of one year after the testator's death. To this general rule there is the exception that where the testator stands to the legatee *in loco parentis,* and the latter is otherwise unprovided for, then whether a future time is fixed for payment or not, interest will be allowed *from the testator's death.* We need not stop to enquire whether this testator stood in that relation to these legatees or not, because we are satisfied from the will itself, it was his intention they should receive the benefit of interest on this sum, before they attained lawful age, and the legatees have taken no appeal from that decree below, which allows them interest only after the expiration of the year. It is clear the intention of the testator must govern as to the time of payment of legacies, as well as upon any other point. *Hanson vs. Brawner,* 2 *Md.,* 90. And as was said by Lord HARDWICKE in *Heath vs. Perry,* 3 *Atk.,* 102, "Cases of this kind, how far a legatee, who is not entitled to the payment of his

Budd *vs.* Garrison.

legacy immediately, shall have interest in the meantime, depend upon particular circumstances. Some upon relationship, some upon the necessities of legatees, *and most of them upon the particular penning of wills; and there is hardly one case that can be cited that is a precedent for another.* Some things are certain in these cases; for if a legacy is given generally *at* marriage or *at* twenty-one, then the vesting and time of payment are the same, and shall not vest until marriage or twenty-one. To go one step further, where a legacy is actually vested, as if given to A. *payable at twenty-one,* yet it shall not carry interest, *unless something is said in the will, that shows the testator's intention to give interest in the meantime."*

Now in the will before us, apart from any inference to be drawn from the use in one place of the terms "to be equally divided among," and in another "to be paid when" they should arrive at lawful age, and assuming these to have been used as equivalent or synonymous expressions, the controlling fact is that the testator appoints a *guardian* for these legatees. Whether he had the power to make such appointment is unimportant, but it clearly manifests his intention that such guardian should receive this legacy from the executor, or collect it from the estate on which it was charged, and hold it for the benefit of the wards. There is nothing to show that the father and natural guardian of these children was not alive when the will was executed. And the only possible inference we can draw from his making such appointment is, that the testator intended the guardian should receive this legacy and apply the income from it for the support of the legatees during their minority. We therefore read the will as if the testator had said in terms "I give to these grandchildren one thousand dollars to be paid to the guardian I have appointed for them, who shall apply the interest or income from it to their joint support and maintenance during their minority, and divide the principal equally between them when they arrive at lawful age."

Thus read it becomes in effect a case in which no time of payment is fixed by the will, and there is, therefore, no error, of which the appellant can complain, in the decree appealed from.

*Decree affirmed, and*
*cause remanded.*