WILLIAM M. OGDEN *vs.* WILLIAM G. A. PATTEE & another.

Suffolk.    January 8, 1889. — May 6, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Legacy — Coupon Bond — Interest.*

A specific legacy of a coupon bond carries with it an overdue negotiable coupon attached to it at the testator's death.

Interest on a pecuniary legacy is to be allowed after one year from the testator's death as incident to the legacy.

CONTRACT. The first count of the declaration was as follows: "And the plaintiff says that Eliza Appleton, late of Boston, deceased, testate, on the 10th day of August, 1885; that her will

was admitted to probate in the Probate Court for said county of Suffolk, January 21, 1887, and letters of administration with the will annexed were granted to the defendants, February 21, 1887, who accepted the trust; that by her said will said Eliza Appleton bequeathed to the plaintiff one seven per cent bond of the Boston and Albany Railroad Company, being bond No. 194; that said bond was a coupon bond, each coupon being for the payment of six months' interest on said bond; that said bond with the coupons came into the possession of the defendants, who collected the interest thereon falling due August 1, 1885, and February 1 and August 1, 1886, and February 1, 1887; that they have delivered to the said plaintiff said bond, and paid him the interest collected thereon, February 1 and August 1, 1886, and February 1, 1887, but have neglected and refused to pay him the interest due on said bond, August 1, 1885, though oft requested so to do. And the plaintiff says the defendants owe him thirty-five dollars for money had and received by them to the plaintiff's use as aforesaid, being the amount received by them as the interest on said bond falling due August 1, 1885. And the plaintiff says that on or about August 1, 1886, and at sundry times afterward, he demanded of the defendants payment of said interest, and also said coupon, which interest the defendants refused to pay, and which coupon they refused to deliver, and the defendants owe him interest thereon from the 10th day of August, 1886."

The second count of the declaration was as follows: "And the plaintiff further says, that by her said will, admitted to probate in Suffolk County, January 21, 1887, said Eliza Appleton bequeathed to him ten thousand (10,000) dollars; that the defendants were appointed administrators with the will annexed, and accepted the trust, February 21, 1887; that they received and took possession of a large amount of personal property, to wit, sixty thousand dollars in cash and valuable securities bearing interest and belonging to her estate; that, May 25, 1887, the defendants paid to the plaintiff ten thousand dollars, but have neglected and refused to pay him the interest that had accrued on said legacy, though oft requested so to do; and the plaintiff says the defendants, as administrators aforesaid, owe him the interest on said ten thousand dollars from the expiration of one

year from the date of the death of said Eliza Appleton, to wit, from August 10, 1886 ; and the plaintiff says he demanded the interest of the defendants, May 21, 1887, and also on March 8, 1888, which the defendants refused to pay."

Writ dated March 17, 1888.

The defendants demurred to the declaration, on the ground that it did not set forth a legal cause of action. The Superior Court overruled the demurrer, and ordered judgment for the plaintiff for $541.96 ; and the defendants appealed to this court. The case was submitted on briefs to all the judges.

*D. C. Linscott,* for the plaintiff.

*A. Russ,* for the defendants.

HOLMES, J. 1. The court is of the opinion that the specific legacy of the bond carried the bond in such form as the testator left it, and therefore, that if, as seems to be conceded, the overdue negotiable coupon was physically attached to it at the testator's death, the coupon passed with the bond.

2. The second count is for interest on a pecuniary legacy between August 10, 1886, one year from the testatrix's death, and May 25, 1887, the date when the legacy was paid. The defendants rely upon the fact disclosed by the count, that the will was not proved until January 21, 1887. But interest " does not depend upon demand or default." It " follows as an accretion to the principal legacy." *Kent* v. *Dunham,* 106 Mass. 586, 591. The administrators will not be charged personally, and it may be presumed that the estate was receiving interest on the fund, although not in the administrators' hands. See *Wood* v. *Penoyre,* 13 Ves. 326 ; *Sitwell* v. *Bernard,* 6 Ves. 520, 539.

*Judgment for the plaintiff.*