Mr. Justice ITagnkr
delivered the opinion of the Court:
This is a bill in equity filed by several of the'pecuniary legatees under the will of the late Admiral Powell against his executors, his residuary legatees, and the other testamentary beneficiaries. The bill and other proceedings show that the testator died on the 15th of January, 1885, leaving a large real and personal estate and a last will and testament, by. which Messrs. Drake and Webb were nominated his executors, and various legacies were bequeathed to many individuals, among others to the complainants; and the residue of the estate was given to sundry of the defendants. After the will, which bore date October 27, 1884, was lodged in the Orphans’ Court in March, 18.85, a caveat was filed against its probate by persons claiming to *335 be relatives of the deceased, upon the ground of mental incapacity and undue influence. Issues presenting these questions were sent for trial to the Circuit Court.
The jury rendered a verdict sustaining the will and the rulings in that trial were affirmed by the General Term. An appeal by the caveators to the Supreme Court of the United States, resulted on the 3d of March, 1890, in an affirmance by that court and the establishment of the will.
On the 9th of November, 1885, letters testamentary had been granted to the executors by the Orphans’ Court. They qualified and possessed themselves of the estate; and at the time of the decision of the Supreme Court had in their possession over $88,000 in securities and money, while the, entire amount of the numerous legacies did not exceed $65,000. The fund had been in a productive form during the litigation, yielding interest to the estate, so that it is now greatly in excess of the amount of all the pecuniary legacies given by the will, with interest added. ■ The complainants aver they have received no part of their legacies; that after the close of the litgation they made demand upon the executors for payment, together with 6 per cent, interest thereupon from the expiration of one year after the death o,f the testator, which they were advised they were entitled to receive; but the executors refused to maflee any payment unless they would agree to relinquish all claim to interest and receive the principal of their respective legacies in full satisfaction of their claims. And the bill prays they may be decreed to receive the amounts of their several legacies with interest as claimed.
The executors in their answer deny that the legatees are entitled to receive interest upon their legacies from the end of one year after the death of the testator; admit they have refused to pay interest or to pay the principal except upon the _ condition that the legatees shall relinquish all claims to interest thereon; and they base their refusal upon the ground that the settlement of the estate has been *336 'delayed by the proceedings upon the- caveat without any fault on the part of the executors, as this delay could not have been prevented by them; and also because the payment of such interest would diminish the residuary estate- and render them liable to the parties entitled thereto; and they request the opinion of the court before making any such payments whether the pecuniary legatees are entitled to any interest on their legacies, and if they are so entitled,, from what date it shall be reckoned, and at what rate per centum.
The proceedings, so far as the executors are concerned, are entirely amicable. It is really a contest between the general pecuniary legatees and those entitled to the residuum, as to the right to a sum equal to the interest upon the amount of the legacies from the date claimed.
The question was ably presented by the counsel for the-respective parties and has been carefully examined by the court
The Maryland Testamentary Act of 1798, Chap. 101,. which is the law of our jurisdiction, contains no express direction as to the time when an executor shall pay legacies; though Section 14, Subchapter 8, declares it shall be his duty, within thirteen months after the date of the letters (unless further time is given by the court) to discharge all just claims known to him, or pay each claimant his just proportion of the money then in hand. But it is laid, down by all the authorities that by the common law all legacies are payable at the expiration of one year from the death of the testator, unless otherwise directed in the will although they vest, in the absence of provision to the contrary, at his death; and as interest is allowed upon money due from the time it is properly demandable, it would seem in accordance with this general principle it should be chargeable upon a money legacy after the expiration of the year from the testator’s death.
The earliest decision on this subject I have- found, was *337 made nearly two centuries ago (Small vs. Dee, 2 Salkeld, 415), where it was hold if the legatee was an infant, interest was 'demandable at the expiration of one year from the death of the testator; but if he was an adult, it was only payable from the time of demand after the year. Another modification of the rule was staled 'in Weedon vs. Glover, 21 Md., 156, where it was said that interest was properly payable thirteen months after the grant of letters testamentary. This distinction, founded upon the allowance in the Act of 1798, of thirteen months to the executor for the settlement of all claims against the estate is not supported by reason or authority. The executor, though not compelled to pay claims within the statutory period, was not thereby exonerated from paying the claim in full, including interest from a prior date, in cases where .it was properly allowable, if the assets were sufficient.
In the most recent decision on the subject in that State 45 Md., 420, Budd vs. Garrison, Judge Miller says: “There can be no doubt that a pecuniary legacy bears interest from the time at which it is, by the terms of the will, made payable, and if no time of payment is fixed by the will, it is payable within the time limited by law, and bears interest from that date — that is, from the expiration of’ one year after the testator’s death. To this general rule there is the exception, that where the testator stands to the legatee in loco parentis, and the latter is otherwise unprovided for, then, whether a future time is fixed for the payment or not, interest will be allowed from the testator’s death.”
Other exceptions besides that thus stated by the court are also recognized ; as where the legacy is given to pay a debt du.e by the testator, or to the widow in lieu of her dower.
In 2 Redfield on Wills, Ed. 1868, 564, the reason of the rule with its exceptions are fully given. The one year is allowed the executor to ascertain the nature and extent of the assets and the claims to be discharged from them ; that *338 he may not by mistake discharge legacies from an insufficient estate and be driven to litigation for re-imbursement; and so are all the text books on the subject.
The most recent decisions in this country support the numerous and apposite cases cited by the counsel for the complainants as establishing this position.
Couch vs. Eastham, 29 West Va., 785, decided in 1887 ; Stout vs. Stout, 44 New Jersey Equity, 17 Stewart, 479, decided in 1888; Van Renssalaer vs. Van Renssalaer, 113 New York, 215, decided in 1889.
This rule is adopted for the benefit of the legatee, “ and follows,” as was said in 106 Mass., 591, “ as an accretion to the principal legacy.”
General legacies are preferred to residuary legacies and are never to abate in their favor, and will be paid in full, though it may exhaust the assets and destroy the claim of the residuary legatees. Neither should interest upon them be denied in favor'of those claiming under the residuary clause.
The only authority cited in behalf of the defendants that really supports their contention is State vs. Adams, 71 Missouri, 620. In that case a legatee who had contested the will, sued the bond of the executor for the amount of her legacj after the will had been established. The court held she was not entitled to interest from the expiration of one year after the death of the testator; but only from the determination of the contest by the establishment of the will. We are at a loss to understand upon what ground this decision can be justified. Possibly the provision of the Missouri Statute, 1 Rev. Stat., 111, Sec. 2, which declares that no executor shall be compelled to make distribution or pay legacies (except by order of the court) to the widow within two years, unless bond aud security to refund be given, may in some -way bear upon the question in that State; but we cannot hesitate to reject it as an unsafe guide, in the face of the overwhelming authority *339 to the contrary in this country and in England. Even if caveators, who have put an estate to expense and delay by unjust litigation, could be deprived of interest as a punishment for making a contest where there is such a provision in the wall; these legatees, who were not of the number of the objectors to Admiral Powell’s will should not be mulcted by such loss for the indiscretions or selfishness of others.
Fortunately the prudent management of the estate prevented all loss of interest on the funds during the litigation.
But the right of the legatees to receive interest is quité independent of this consideration. The cases show that if there had been a total loss of income from the investments during the period, the pecuniary legacies would still bear interest; and it matters not how prolonged may be the contest that delays the payment of the legacies. In Scholes & Lefroy, 10, Pearson us. Pearson, Lord Redesdale said he remembered a case where the controversy had continued nearly forty years, and yet the legatees when paid received interest from one year after the testator’s death. He added: “The executor may pay the legacy within the twelve months, but is not compelled to do so; he is not to pay interest for any time within the twelve months, although during that time he may have received interest. But if he has assets he is to pay interest from the end of the twelve months, whether the assets have been productive or not.” There was no time, according to the contention of the executors, until the decision by the Supreme Court, when they could have paid any of these legacies, and thus the legatees were obliged during this time to lose the use of their money, notwithstanding the earnest wish of the testator, as manifested by the last clause in his will for the immediate settlement of his estate. This justifiable prudence of the executors was not exercised for the sake of the legatees, wdio would willingly have receipted for their legacies, with interest properly payable, at any time after the expiration of the yeai\
*340 The decisions as to the refusal of interest on claims in case of war, or upon claims in attachment are manifestly apart from the present question.
In Davidson vs. Rake, 17 Stewart, New Jersey, Equity, 506, the circumstances were much like those in the present case. One Reuben Davison died on the 3d day of February, 1885, but his will was not admitted to probate until more than thirteen months after his death. This delay was caused by the interposition of a caveat against the probate of the will and the proceedings and trial consequent thereupon. The testator had bequeathed the interest on various sums of money to his children. It was contended by the residuary legatee that the interest did not accrue on the legacies until the end of a year from the day on which the will was admitted to probate ; but the court held, that as a general rule, where no time is fixed for the payment of a general legacy, interest will begin to accrue on it at the end of a year from the testator’s death.
So in 149 Mass., 82, Ogden vs. Patten, where the testator died August 10, 1885. The will was not admitted to probate until January 21, 1887, and letters were granted one month lated. The court nevertheless decided the pecuniary legacies were entitled to interest from the expiration of one year after the death of the testator.
We have no difficulty in deciding the claims of the complainants, and of those circumstanced as the}' are under the will, are well founded, and we will sign a decree in accordance with these view's. The rate of interest to be allowed will be 6 per centum.