FANNIE W. DANIELS *vs.* JOSIAH H. BENTON, JR.,
& another, executors.

Suffolk.    January 7, 1902. — February 28, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Executor.*

The rule, that interest is payable on a pecuniary legacy after the expiration of a
  year from the death of the testator, is not affected by the fact that the residence
  of the legatee is outside of the Commonwealth and not known to the executor,
  nor by the fact that under the will the residue is given in trust for the testator's
  mother and that income is to be paid on that trust fund from the death of the
  testator, nor by the fact that the legatee did not demand payment of the legacy
  at the expiration of the year.

CONTRACT for interest from May 8, 1898, to May 18, 1899,
upon a pecuniary legacy bequeathed to the plaintiff by the will
of John C. Paige, late of Boston, who died on May 8, 1897.
Writ dated December 21, 1900.

At the trial in the Superior Court, without a jury, *Sherman,*
J. found for the plaintiff in the sum of $320.74 ; and the defend-
ants alleged exceptions.   The argument of the defendants as to
the rate of interest, referred to in the last paragraph of the
opinion, was that if any interest was allowed it should be lim-
ited to the amount actually earned by the fund in the hands of
the executor.

*H. W. Beal,* for the defendants.

*G. F. Williams & J. A. Halloran,* for the plaintiff.

LORING, J.   The plaintiff was a legatee under the will of
John C. Paige; the testator died on May 8, 1897.   The plain-
tiff's residence was out of the Commonwealth and was not
known to the executors ; and they made no effort to ascertain
where she was or to pay her her legacy. . On May 18, 1899, the
plaintiff demanded her legacy and it was paid to her ; she also
demanded interest from May 8, 1898, that is to say, from the
expiration of a year after the death of the testator.   This was
refused and this action was brought to recover it.   At the hear-
ing without a jury the defendants asked for two rulings, one that
on the evidence the plaintiff was not entitled to recover, and the

other that interest does not begin to run unless a demand has been made for the payment of the legacy.

In support of their first contention, the defendants rely on the fact that the residue is given for the support of the testator's mother and that income is to be paid on that trust fund from the death of the testator. This does not negative the payment of interest on this pecuniary legacy which was not paid by the end of the year for the convenience of the estate or through the neglect of the executors.

*Ogden* v. *Pattee*, 149 Mass. 82, disposes of the defendants' second contention.

The question of the rate of interest argued by the defendants was not raised at the trial and is not open to them; there is nothing in it. *Welch* v. *Adams*, 152 Mass. 74.

*Exceptions overruled.*