In the Matter of the Accounting of John Frankenheimer et al., as Executors of Louis Gans, Deceased, Respondents.

Sarah G. Hackes et al., Appellants and Respondents; Louis J. Hoefner et al., Respondents.

Will — construction of provisions relating to general legatees and life tenants of residuary estate — interest on general legacies.

A testator bequeathed charitable and individual legacies aggregating a certain amount and then gave the residue of his estate to his executors in trust for the benefit of designated life tenants, the principal, upon their death, to go to designated remaindermen. By a subsequent clause he provided that such legacies should be paid in full only in case his total estate, as valued by his executors, should amount to a specified sum, otherwise the general legacies to abate proportionately. *Held*, that, by the term "total estate," the testator meant the total estate available for distribution under the provisions of the will; that, therefore, the cost of administration, together with the debts, funeral expenses and commissions, should be deducted before the valuation is made for distribution; and that if the "total estate," after such deduction, amounts to less than the sum specified by the testator, the general legacies should abate proportionately.

The amount of each general legacy having been specifically fixed by the testator, the legacies are liquidated claims, subject, however, to abatement after deducting from the total estate the debts and expenses of administration, and the general legatees are entitled to interest from the expiration of a year after letters testamentary were issued, if there are funds from which interest can be paid.

It appearing that there is a certain amount of accumulated income derived from the estate during the process of administration, equity requires, under the circumstances, that this income should be distributed *pro rata* between the general and the residuary legatees, and.applied upon the interest and income that has accrued upon their respective legacies. As to the interest remaining unpaid after such distribution, it must be deemed abated for the reason that there is no fund out of which it can be paid.

*Matter of Frankenheimer*, 130 App. Div. 454, affirmed.

(Argued April 28, 1909; decided May 11, 1909.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 2, 1909, which modified and affirmed as modified a

decree of the New York County Surrogate's Court settling the accounts of the executors herein — also motion to dismiss a portion of said cross-appeals.

The facts, so far as material, are stated in the opinion.

*Everett V. Abbott* for Sarah G. Hackes et al , appellants and respondents.  The Appellate Division had no jurisdiction to modify or reverse a part of the decree from which no appeal had been taken. (*Freeman* v. *Coit*, 96 N. Y. 63; *Ross* v. *Ross*, 6 Hun, 80; *Matter of Witmark*, 15 N. Y. S. R. 745; *Matter of Bullard*, 4 Civ. Pro. Rep. 284; *Matter of Kavanagh*, 29 N. Y. S. R. 215; *Matter of Armstrong*, 32 N. Y. S. R. 441; *Mapes* v. *Coffin*, 5 Paige, 296; *Kelsey* v. *Western*, 2 N. Y. 500; *Robertson* v. *Bullions*, 11 N. Y. 243; *Murphy* v. *Spaulding*, 46 N. Y. 556; *Matter of Davis*, 149 N. Y. 539, 548.) All the legacies should be abated to the full amount of fourteen. per cent as fixed by the executors. (*Nason* v. *Jones*, 3 Edw. Ch. 497; *Ireland* v. *Ireland*, 84 N. Y. 321; *Hearst* v. *McClellan*, 102 App. Div. 336; *Hawley* v. *James*, 5 Paige, 317; 16 Wend. 61; *Kekewich* v. *Marker*, 3 M. & G. 311; Underhill on Wills, 174; Remsen on Wills, 291; *Roosevelt* v. *Roosevelt*, 6 Hun, 31, 64 N. Y. 651; *Haight* v. *Brisbin*, 96 N.Y. 132; *McKay* v. *McAdam*, 80 Hun, 260.) The abatable legacies should carry interest only from the time when their amount became liquidated. (*Stevens* v. *Barringer*, 13 Wend. 639; *Adams* v. *F. P. Bank*, 36 N. Y. 255; *Matter of Oakes*, 19 App. Div. 192; *Matter of McGowan*, 124 N. Y. 526; Sedgwick on Damages, § 340; *Paul* v. *Mayor, etc.*, 7 Daly, 144; *Yellowby* v. *Comrs.*, 73 N. C. 164; *Thompson* v. *B. & M. R. R. Co.*, 58 N. H. 524; *Hoare* v. *Allen*, 2 Dallas, 102; *Foxcraft* v. *Nagel*, 2 Dallas, 132; *Brown* v. *Hiatts*, 15 Wall. 177.) No interest should be allowed on any legacies. The direction to pay interest, whether out of principal or out of income, compels the residuary legatees to pay damages for the detention of a so-called debt, although they are not responsible for the detention and could not have prevented it if they had tried. It, therefore,

takes the property of the residuary legatees without due process of law and denies to them the equal protection of the laws. (*Stevens* v. *Barringer*, 13 Wend. 639; *Adams* v. *Fort Plain Bank*, 36 N. Y. 255; *Matter of Oakes*, 19 App. Div. 192; *Matter of McGowan*, 124 N. Y. 526; *Muhlker* v. *H. R. R. R. Co.*, 197 U. S. 544.)

*Melville H. Cane* for Joseph Gans et al., appellants and respondents. General legacies should never be reduced in order to pay expenses of administration and commissions unless the residuary estate is insufficient to pay such charges. (*Ex parte McComb*, 4 Bradf. 151; *Westerfield* v. *Westerfield*, 1 Bradf. 198; Page on Wills, § 507; *Prichard* v. *Thompson*, 29 Hun, 295.) The Appellate Division erroneously deducted the administration expenses and commissions, but failed to include in the valuation the earnings of the estate. (*Chalker* v. *Chalker*, 5 Redf. 480; *Matter of Franklin*, 26 Misc. Rep. 107; *Hall* v. *Tryon*, 1 Dem. 296; *Matter of Robinson*, 37 Misc. Rep. 336; *Farqueharson* v. *Nugent*, 6 Dem. 296; *Matter of Pray*, 40 Misc. Rep. 516.) Interest on the general pecuniary legacies as abated was correctly charged by the surrogate from one year after the issuance of letters testamentary. This feature of the original decree should be reinstated. (*Wheeler* v. *Ruthven*, 74 N. Y. 428; *Matter of McGowan*, 124 N. Y. 526; *Matter of Spencer*, 16 R. I. 25; *Loring* v. *Thompson*, 184 Mass. 103; *Matter of Oakes*, 19 App. Div. 194; *Matter of Erving*, 103 App. Div. 500; *Hoffman* v. *Penn. Hospital*, 1 Dem. 118; *Wood* v. *Penoyer*, 13 Ves. 326; *Bonham* v. *Bonham*, 38 N. J. Eq. 419; *Bradford* v. *McConihay*, 15 W. Va. 732.) The Appellate Division had jurisdiction to award income to the general pecuniary legatees. (*Matter of Rossell*, 121 App. Div. 381; *Matter of Burr*, 116 App. Div. 518; *Matter of Snedeker*, 95 App. Div. 149; *Matter of Stevens*, 114 App. Div. 607.)

*Benjamin Tuska* and *Carl S. Stern* for Educational Alliance et al., appellants and respondents. The charitable

bequests should be paid in full, *i. e.*, without abatement. (*Kinkele* v. *Wilson*, 151 N. Y. 269.) Interest should be computed on the charitable legacies at the rate of six per cent per annum from December 12, 1905, one year after the issuance of letters testamentary. (*Matter of McGowan*, 124 N. Y. 526; Code Civ. Pro. § 2721; *Matter of Erving*, 103 App. Div. 500; *Matter of Oakes*, 19 App. Div. 192; *Pearson* v. *Pearson*, 1 Sch. & Leff. 10; *Marsh* v. *Hague*, 1 Edw. Ch. 174; *Hoffman* v. *Penn. Hospital*, 1 Dem. 118; *Matter of Prout*, 52 Hun, 109.)

*Sol. M. Stroock* and *Henry L. Moses* for Montefiore Home, appellant and respondent. The legacy bequeathed to the Montefiore Home under paragraph 2 of the will is not subject to abatement. (*Lewisohn* v. *Henry*, 179 N. Y. 361; *Kinkele* v. *Wilson*, 151 N. Y. 269; *Brackett* v. *Ostrander*, 126 App. Div. 529; *Freeman* v. *Freeman*, 126 App. Div. 601; *Nelson* v. *McGifford*, 3 Barb. Ch. 158; *Brand* v. *Wilson*, 8 Cow. 56; *Bradstreet* v. *Clark*, 12 Wend. 602; *Griffon* v. *Ford*, 14 Sup. Ct. Rep. 123; *Robinson* v. *Smith*, 13 Abb. Pr. 359.) The administration expenses and estimated commissions of the executors are not properly deducted in determining the amount of testator's "total estate." (*Phillips* v. *Phillips*, 91 Mich. 433.) The determination of the Appellate Division on the question of interest was erroneous. (Code Civ. Pro. § 2721; *Matter of Oakes*, 19 App. Div. 192; *Matter of Erving*, 103 App. Div. 500; *Matter of McGowan*, 124 N. Y. 526; *Thorn* v. *Garner*, 113 App. Div. 198; 2 Jessup Sur. Pr. [2d ed.] 1200; *Marsh* v. *Hague*, 1 Edw. Ch. 172; *Matter of Spencer*, 16 R. I. 25; *Loring* v. *Thompson*, 184 Mass. 103; *Wood* v. *Penoyer*, 13 Ves. 326; *Bealam* v. *Bealam*, 38 N. J. Eq. 419; *Vermont Baptist Cong.* v. *Ladd*, 58 Vt. 100.)

*Gherardi Davis* for Camilla K. Kerekes, appellant and respondent. In valuing the estate for the purpose of determining to what extent, if any, the legacies should abate, it is

wrong to deduct from the gross estate the administration expenses and executor's commissions. (*Ex parte McComb*, 4 Bradf. 151; *Westerfield* v. *Westerfield*, 1 Bradf. 198; *Smith* v. *Terry*, 43 N. J. Eq. 659; *Blakeslee* v. *Pardee*, 76 Conn. 263; *Briggs* v. *Hanford*, 22 Pick. 288; *Chamberlain* v. *Chamberlain*, 43 N. Y. 434; *Matter of Dows*, 167 N. Y. 227; *Matter of Swift*, 137 N. Y. 77; *Page* v. *Leafingwell*, 18 Ves. 463; *Van Nest* v. *Van Nest*, 43 N. J. Eq. 126; *Matter of Spencer*, 16 R. I. 25.) Interest on the legacy to this appellant began to run one year after the issuance of letters testamentary, that is, from December 12, 1905. (*Matter of McGowan*, 124 N. Y. 526; *Wheeler* v. *Ruthven*, 74 N. Y. 428; *Matter of Oakes*, 19 App. Div. 192; *Matter of Erving*, 103 App. Div. 500; *Wood* v. *Penoyer*, 13 Ves. 326; *Warwick* v. *Ely*, 59 N. J. Eq. 44; *Matter of Spencer*, 16 R. I. 25; *Edmond* v. *Brown*, 18 R. I. 48; *Loring* v. *Thompson*, 184 Mass. 103.)

*Eugene D. Hawkins* and *Alfred Gregory* for Louis J. Hoefner et al., respondents. The total estate of $300,000, which measured the payments to the general legatees, was the total estate for distribution among such legatees. (*Page* v. *Leafingwell*, 18 Ves. 463; *Duncan* v. *Duncan*, 27 Beav. 386; *Elwes* v. *Causton*, 30 Beav. 554; *Eddowes* v. *Phillip*, 66 L. J. Ch. [N. S.] 714; *Briggs* v. *Hosford*, 22 Pick. 288; *Smith* v. *Terry*, 43 N. J. Eq. 659; *Abila* v. *Burnett*, 33 Cal. 658.)

*John Frankenheimer* and *Ferdinand Kurzman* for executors, respondents. The order of the Appellate Division should be affirmed in so far as it deducts the expenses of administration and executors' commissions in determining the amount of the abatement of the legacies. (*Smith* v. *Terry*, 43 N. J. Eq. 659; *Blakeslee* v. *Pardee*, 76 Conn. 263.) If this court should decide that the Appellate Division was right in directing that the abatable legacies should receive their *pro rata* share of the income, then, the Appellate Division had,

under the circumstances of this case, power to modify the decree in this respect. (Code Civ. Pro. §§ 2586, 2587 ; *Freeman* v. *Coit*, 27 Hun, 447 ; 96 N. Y. 63 ; *Matter of Tyndall*, 117 App. Div. 294 ; 190 N. Y. 522 ; *Matter of Russell*, 121 App. Div. 381.)

*Harry G. Hecht* for Louis Gans, Jr., appellant and respondent.

HAIGHT, J.  The decedent left a last will and testament, which was duly admitted to probate, by which he made a number of charitable and individual bequests of legacies, amounting in the aggregate to $127,000, and then provided that all the rest, residue and remainder of his estate, including the lapsed legacies and legacies that shall, for any reason, have failed to take effect, be given to his executors in trust to invest, etc., for the benefit of life tenants, specifically named, and upon their decease bequeathed the principal to remaindermen, also specifically designated.  By the tenth clause of his will he expressly declared that the charitable and individual legacies already referred to "shall be paid in full only in case my total estate, as valued by my executors, shall amount to $300,000, and in case my estate shall be valued at less than $300,000 then the legacies hereinbefore mentioned shall abate proportionately."

It will be noted that the chief objects of his bounty were the life tenants and the remaindermen.  For, having made general bequests amounting to $127,000, he then reserves at least the sum of $173,000 for the purpose of making up the trust estates for the benefit of the life tenants by the provision referred to in the tenth clause of his will.  It is contended on behalf of the general legatees that the estate must be valued before administration and without deducting the expenses thereof or the commissions of the executors, while on behalf of the life tenants it is insisted that by the term "total estate" as used by the testator he meant the total estate available for distribution under the provisions of the will, and that

the cost of administration, together with the debts, funeral expenses and commissions, should be deducted before the valuation should be made for distribution. We think that the contention of the life tenants should be sustained. As we have already pointed out, they were the chief objects of the testator's bounty and he had carefully guarded the amount that he had designed for them by the provision that in case his estate did not amount to the sum of $300,000 the general legacies should abate proportionately, thereby leaving the the residuary fund unimpaired.

It appears in this case that the expenses of administration amounted to $21,411.73, and that the commissions were $6,810.72; that after deducting and paying these expenses and allowing the commissions of the executors the total value of the estate left for distribution was the sum of $253,698.60. It is, therefore, apparent that if these items are not deducted in making the valuation, the general legatees will receive their legacies nearly in full or at least ninety-five per cent thereof and that the residuary legatees will have to bear the entire burden of the administration of the estate and have the amount designed by the testator for their benefit reduced by upwards of twenty-eight thousand dollars. This result would reverse the apparent intent of the testator by casting the rebate upon the residuary legatees rather than the general legatees. We are aware that, ordinarily, these expenses are chargeable upon the residuary estate and are paid by it, but in this case we think the testator has expressly provided otherwise by making the life tenants his preferred legatees and providing that the rebate shall be taken out of the general legacies. We, therefore, are fully in accord with the views expressed upon this subject by the learned Appellate Division, and we here indorse and approve the opinion of LAUGHLIN, J., upon that subject. We also concur in the construction given by him to the provisions of the third codicil and as to the subsequent bequests made by the testator.

One subject only remains for consideration by us and that pertains to the question of interest upon the general legacies.

The learned surrogate allowed interest from the expiration of a year after letters testamentary were issued. The learned Appellate Division, by a divided court, modified the decree of the surrogate in this particular, disallowing interest but allowing the general legatees to participate proportionately in the income that had been derived by the executors during their administration of the estate.

It is contended in this case that these legacies were unliquidated and consequently would not draw interest. We think this contention cannot be upheld. The testator has specifically mentioned the amount that he intended to give to each of the general legatees. The claim of each was, therefore, known and liquidated as fully and completely as if it had been fixed by a judgment or a promissory note. The only question open was as to whether the estate had property from which the legacies could be paid in full. In this case the assets available for the payment of these legacies were not sufficient to pay in full. They would only pay eighty-six per cent thereof and consequently the situation presented is analogous to that of the distribution of the assets of an insolvent estate among its creditors. We think, therefore, that the general legatees had the right to have interest allowed, provided there were funds available out of which interest could be paid. (*People* v. *Merchants' Trust Co.*, 187 N. Y. 293.) The question, therefore, is presented as to whether there is a fund available for that purpose. Ordinarily, expenses are chargeable to the residuary estate, and the income from the estate goes to the residuary legatees, and, ordinarily, legacies under the statute become due and payable one year after the issuing of letters testamentary, and if not paid, interest is allowable thereon from that date payable out of the residuary estate; but in this case, as we have seen, the rule has been changed by the testator, and the residuary legatees are preferred over the general legatees. The life tenants are entitled to the interest or income derived from the residuary estate, and, having been preferred over the general legatees, should not be compelled to have their estate diminished for the purpose

of paying interest to the general legatees. There is a fund, however, reported by the executors, amounting to the sum of $28,294.15, income derived from the estate during the time it was in their hands in the process of administration. This income consists of interest on bonds, notes, deposits and dividends on stocks, and is, therefore, derived from the assets of the estate, which would have gone to the general and residuary legatees had administration been completed within the year allowed by the statute. We, therefore, entertain the view that equity requires that this income should be distributed *pro rata* between the general and the residuary legatees, and applied upon the interest and income that has accrued upon their respective legacies. As to the interest remaining unpaid after such distribution it must be deemed abated for the reason that there is no fund out of which the same can be paid.

The contention is made that the Appellate Division had no jurisdiction to review the determination of the surrogate made with reference to the income, for the reason that no appeal had been taken therefrom. The appeal taken, however, did bring up for review the question of the allowance of interest, and the determination of this question involved also the determination of the fund out of which the same should be paid. We think, therefore, the determination made by the Appellate Division was just and equitable, and was within its powers.

Motion to dismiss appeals denied, without costs.

The order of the Appellate Division should be affirmed, with costs only to the executors and to the special guardian of the Hoefner children, payable out of the residuary estate.

GRAY, EDWARD T. BARTLETT, VANN, WERNER and HISCOCK, JJ., concur; WILLARD BARTLETT, J., absent.

Order affirmed, etc.