EVA M. LEWIS ET AL.

*vs.*

B. PALMER LEWIS ET AL., EXECUTORS.

*Interest on General Legacy—From What Time Allowed.*

The rule that a general legacy does not bear interest until one year after testator's death is not subject to an exception in favor of an adult child, even though he is dependent, and no other means of support are provided for him by the will. p. 73

In the absence of any direction in the will, testator's widow is not entitled to interest from his death on a legacy given her as a partial substitute for her thirds in his personal property.

p. 73

*Decided February 9th, 1921.*

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before BOYD, C. J., BRISCOE, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Vernon Cook,* for the appellants.

*John T. Tucker,* with whom were *John B. Deming* and *Keech, Deming, Kemp & Carman* on the brief, for the appellees.

ADKINS, J., delivered the opinion of the court.

The appellants are the widow and an adult son of Jefferson M. Lewis, and the single question on this appeal is whether they are entitled to interest on general legacies to them under the will of their husband and father, from the date of his death.

By the second item of his will, the testator devised to his wife their residence on Eutaw Place, in Baltimore, and its contents, with the exception of a few articles specifically bequeathed,

"on which said residence and contents, purchased by
me at a total cost of ninety thousand dollars ($90,-
000), I place a present minimum valuation of fifty
thousand dollars ($50,000). But it is my will that my
said wife may, by written notice to my executors, elect
within three months after my decease, to receive the
sum of twenty thousand dollars ($20,000) in lieu of
said residence and contents; and in the event my wife
makes such election, then I give and bequeath said
sum of twenty thousand dollars ($20,000) to her abso-
lutely, and I revoke the devise to her of said residence
and contents."

By the third item he bequeathed to her
"the sum of fifty thousand dollars ($50,000) in addi-
tion to the gift above mentioned. And I do hereby
declare that the gifts to my said wife in this and
other paragraphs of my will are to be received by
her in full of all interest, dower rights, or claim of
any sort which my said wife may have in or to my
estate. I direct that all indebtedness from my said
wife to me which may remain unpaid at the time of
my death, shall be released and discharged, unless my
said wife shall contest or oppose this will, in which
event I direct that such indebtedness shall be charge-
able against and deducted from her share of my estate,
however received."

The eleventh item is as follows:
"I give and bequeath to my son, Mortimer Lewis,
now living with me in Baltimore, the sum of twelve
thousand dollars ($12,000), which in view of his
prospects from his mother and her sister's estate, I
deem adequate for his needs."

The rest of the estate was bequeathed to other children and
relatives of the testator.

The administration account shows that the entire personal
estate including the contents of the residence (of which con-

tents the widow's part was valued at $3,254) amounted to $198,052. So far as the record shows, the residence was the only real estate.

The testator died on April 9th, 1920, and on June 19th, 1920, the widow notified the executors of her acceptance of the provisions of the will. The distribution account was filed August 3rd, 1920, by which the legacies of appellants were distributed to them without interest. Exceptions were filed by appellants on October 8th, 1920, and testimony was taken by the Orphans' Court. Mortimer Lewis testified that he was thirty years old; that he always lived at his father's home and was supported by him up to the time of his death; that the residence devised to his mother is a large house and expensive to keep up; that he does not know whether his mother has been able to get $50,000 for it, but that she has been trying to sell it, and hasn't sold it yet; that his only income outside of the legacy from his father was $350 a year from his aunt's estate; that his mother had an income of $1,100 a year from the same source; that he has never been engaged in business or other money making enterprises except for two weeks once with a banking and broker's concern; that the reason he had not been earning a living was because "I had a nervous break down several years ago and I have been unable to do any special kind of business."

On October 23rd, 1920, the exceptions were overruled, from which order this appeal was taken.

It is conceded by appellants that the general rule is that general legacies do not bear interest until one year after the death of the testator, but it is strongly urged that two exceptions to the general rule control this case, which are thus stated in appellants' brief:

"First, where the legacy is to a dependent child and no other means of support for such child are provided by the will, such legacy bears interest from the date of the death of the testator. In like manner where a legacy is left to a widow in lieu of her dower and thirds and where no other means of support are provided for

> such widow by the will, she is entitled to interest from
> the date of the death of the testator."

It is contended that these exceptions to the general rule are
based upon the moral obligation which the testator owes to
his widow and dependent children to provide for their sup-
port, and that the law will presume an intention on the part
of the testator to perform this moral duty. Further, on be-
half of the widow, it is argued that if she takes her dower
and thirds she gets the income of a third of the property from
the day of the testator's death, that when she elects in lieu
of dower and thirds to accept the provision made for her by
a will, that is in effect making an exchange of properties, tak-
ing what the will gives her in lieu of what the law gives her,
and that the exchange must be considered as taking effect from
the date of the testator's death, and that, therefore, she must
have interest from that time.

The only authorities cited by appellants in support of their
contention in behalf of the son are: *White* v. *Donnell,* 3
Md. Ch. 533; *Webb* v. *Webb,* 92 Md. 101; *Budd* v. *Garrison,*
45 Md. 418.

In all these cases the children or grandchildren were min-
ors. We know of no case in this State, and have been re-
ferred to none elsewhere, in which the exception was made in
favor of adult children. As to the widow, there appears to
be no decision in this State and there are conflicting decisions
in other states of this country. But in those states which
hold that the widow is entitled to interest from the death of
the testator, the decisions seem to have rested on the theory
that the legacies were in lieu of dower and that therefore the
widow should receive interest from the time it would have
run if she had elected to take dower.

But such cases give no support to the claim made for the
widow here. Clearly the legacy to her was not intended as a
substitute for dower, because she gets in another provision
of the will *all the real estate absolutely.* As a matter of fact
the devise and bequest together give her a little more than a

third of the entire estate, real and personal. The legacy must be considered as a partial substitute for her thirds in the personal property, the excess, over her dower rights, given her in the real estate, making up the balance.

It cannot be argued seriously that the decision of the Orphans' Court deprived her of anything in the way of interest which she would have gotten if she had claimed her thirds in the personal property and her dower in the real estate, because if she had renounced the will she would have gotten her thirds only after administration of the personal estate and would have been entitled to no interest thereon during the year allowed for administration.

Our conclusion is that the claim of the son does not come within the exceptions to the general rule recognized by the authorities in this State and elsewhere. As to the widow, there is no precedent in our practice, so far as we are advised, and no support in our decisions, for the allowance of interest on a general legacy from the death of the testator, in the absence of direction to that effect in the will; and this case, in its facts, is distinguishable from those elsewhere in which such allowance has been permitted.

*Order affirmed, with costs to appellees.*