ETHEL GARDNER ET AL. *v.* MERCANTILE TRUST COMPANY, EXECUTOR.

[No. 113, October Term, 1932.]

*Decided February 17th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William L. Henderson,* with whom were *All, Freeman & Henderson* on the brief, for the appellants.

*Charles McH. Howard,* with whom was *S. Ralph Warnken* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This appeal is from an order of the Orphans' Court of Baltimore City dismissing exceptions to the third administration account filed by the executor of the estate of William B. Oliver, deceased. This account was a distribution of a sum retained for payment of taxes and further accounting. In the two previous accounts, distributions were made to the widow which included her part of the accumulated income as well as the original corpus. The widow had renounced the provision made for her by her husband's will, and elected to take her legal share of her said husband's estate. He left no issue.

In filing the said third account, in which one-half of the balance for distribution was distributed to the widow, the executor attached a notation in which he stated that the previous accounts included income as well as principal; that "It has been suggested that under the recent opinion of Judge Frank in the Van Lear Black case the widow is not entitled to any part of the income of the estate pending settlement received during the first year after the testator's death. In this account, however, no readjustment has been made of the one-half of the net income from said estate which was heretofore distributed to her as aforesaid, and she is also allowed one-half of such part of the income collected from the un-

divided estate as was received during such first year. If such readjustment were made, then the sum of $7,675.65 would be deducted from or charged against the items hereby distributed to Mrs. Hellmann and added to the securities and cash distributed in the Divided Estate to the legatees under the will." To said account, as filed, the appellants filed exceptions which were dismissed. This appeal is from that order.

We find no error. The contrary view was the result of a misconstruction of a statement in the opinion in *Lewis v. Lewis,* 138 Md. 70, 113 A. 573, relative to the contention of counsel for appellant in that case that it would be unfair not to allow the widow, who accepted the provision made for her by her husband in his will, interest on the bequest from the date of his death, when, if she had renounced the will and elected to take her dower and thirds, she would have gotten the income from a third of the property from the date of his death. A more elaborate argument in the opinion would have made it plain that what we meant by the misunderstood statement was that, if she had renounced the will, she would have been in no different position with respect to interest, as what she would then have taken would have been one-third of the surplus of the estate, to which no interest would have been added; that when she accepted the bequest she was charged with knowledge that it would not be due until after administration and that the legacy would bear no interest, and also with knowledge that the surplus of the estate meant the entire balance for distribution (including accumulated income) less debts and costs of administration. We did not mean the premise of the learned counsel was false, but that his argument was fallacious because it did not distinguish between income, which became merged in the corpus and was a part of the balance for distribution, and interest.

Whether the widow in the *Lewis* case had elected to take the bequest or her thirds, she would have been entitled to possession only at the time of distribution; the amount in the one case being fixed in advance by the will, in the other

being undetermined until ascertainment of the surplus for distribution. In neither case would interest have been added to her share. The law governing this case is found in section 311 of article 93 of the Code, which provides that in case of renunciation, "If the election be of the legal share of both real and personal estate, the surviving husband or wife shall take one-third of the lands, as an heir, and one-third of the surplus personal estate (if the deceased spouse shall be survived by descendants) and one-half of the lands, as an heir, and one-half of the surplus personal estate (if the deceased spouse shall not be survived by descendants) and no more."

It is sought by appellants to ascribe some significance in support of their contention to the words "and no more." But we find none. We think the explanation given by counsel for appellee in his brief is the correct one, viz., that those words were used to prevent a widow in case of renunciation from getting, in any event, more than half of her husband's estate, and to prevent any possible idea or inference that, when there were no relations as near as brothers' or sisters' children, the renouncing widow would take the whole, as in cases of intestacy.

The words "surplus personal estate" in section 311 mean, we think, the entire balance of personal estate, principal and income, at the time of distribution.

*Order affirmed, with costs.*